COMMONWEALTH of Kentucky,
Appellant,

v.

Joscelyn FUARTADO, et al., Appellees.

No. 2003–SC–1022–DG.

Supreme Court of Kentucky.

Aug. 25, 2005.

Gregory D. Stumbo, Attorney General, David A. Smith, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, for Appellant.

Joseph Ray Myers, Assistant Public Advocate, Department of Public Advocate, Frankfort, David E. Funke, Crestwood, for Appellees.

GRAVES, Justice.

Appellee, Joscelyn Fuartado, is a native and citizen of Jamaica. This Court granted discretionary review to determine whether failure of defense counsel to advise Appellee of potential deportation consequences is cognizable as a claim for ineffective counsel. In a decision designated for publication, a Court of Appeals panel vacated the trial court's denial of Appellee's post conviction relief from a 1997 guilty plea to marijuana trafficking. The trial court ruled that criminal defendants must be advised regarding direct but not collateral consequences of a guilty plea. It reasoned that since a federal civil immigration proceeding such as a deportation is clearly collateral as to guilt and outside the trial court's control or responsibility, failure of defense counsel to advise Appellee of potential deportation consequences is not cognizable as a claim for ineffective counsel. We agree and accordingly, we reinstate the judgment of the trial court.

In 1997, Appellee was indicted for the Class C felony of first-degree marijuana trafficking. By a counseled plea bargain, the charge was reduced to second-degree marijuana trafficking, a Class D felony. Appellee was probated for five years with ninety (90) days to serve on work release. Within days after entry of final judgment, Appellee was charged with another Class D felony, second-degree escape, to which he pled guilty and was given a one-year sentence, probated for five years. Appellee failed to appear when the Commonwealth moved to revoke his probation. A bench warrant was issued for his arrest.

Within months, Appellee was arrested for automobile theft. At the time of this felony arrest, Appellee had failed to report to his probation officer, changed his address without permission, absconded supervision, taken up residence with a convicted felon, and admittedly abused cocaine. A second bench warrant was issued. Less than six months after the sentence had been imposed, Appellee's probation on his marijuana trafficking sentence was revoked.[1]

The following year, the United States Immigration and Naturalization Service formally notified Appellee of its intention to deport him back to his native Jamaica because of his marijuana trafficking conviction. Approximately two years later, Appellee filed a *pro se* motion for RCr 11.42 relief to challenge the voluntariness of his guilty plea to marijuana trafficking as supplemented with the assistance of counsel. Appellee asserted that his guilty plea had been entered involuntarily because neither the trial court nor his defense counsel had informed him that deportation was a consequence of guilt. The trial court denied relief.

On appeal of the denial of his RCr 11.42 motion, a Court of Appeals panel vacated and remanded Appellee's case for an evidentiary hearing on counsel ineffectiveness. The Court of Appeals panel held that while deportation potential is a collateral consequence that does not need to be mentioned by the trial court during a guilty plea colloquy, the failure of defense counsel to mention deportation potential to his or her client prior to a guilty plea colloquy may be counsel ineffectiveness of constitutional dimension. We disagree and hold that advising criminal defendants regarding the collateral consequences of a guilty plea is outside the scope of representation required under the Sixth Amendment.

■ In this case, it is undisputed that there is no constitutional requirement for trial courts to advise criminal defendants regarding collateral consequences that may result from a conviction before accepting a guilty plea and that deportation is such a collateral consequence. *See El–Nobani v. United States,* 287 F.3d 417, 421 (6th Cir.2002). Appellee claims, instead, that the Sixth Amendment requires criminal defense attorneys to investigate their clients' civil immigration status and to advise them of any potential consequences a guilty plea could have on that status. However, as noted in the Court of Appeals' opinion, "several federal and state courts have taken the opposite position, holding that a defendant cannot as a matter of law succeed on a claim for ineffective assistance of counsel by showing that his attorney failed to inform him of the possibility of deportation following a guilty plea." *See, e.g., United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003); *United States v. Couto,* 311 F.3d 179, 187 (2nd Cir.2002); *United States v. Gonzalez,* 202 F.3d 20, 25 (1st Cir.2000); *United States v. DeFreitas,* 865 F.2d 80, 82 (4th Cir.1989); *United*

---

**1.** The Court of Appeals euphemistically characterizes the two subsequent felony commissions and parole violations as "a variety of activities."

*States v. George,* 869 F.2d 333, 337 (7th Cir.1989); *United States v. Campbell,* 778 F.2d 764, 768–69 (11th Cir.1985); *Chukwurah v. United States,* 813 F.Supp. 161, 165 (E.D.N.Y.1993); *People v. Ford,* 86 N.Y.2d 397, 633 N.Y.S.2d 270, 657 N.E.2d 265, 268 (1995). In fact, in *Fry,* the United States Court of Appeals for the Ninth Circuit stated in rather sweeping terms, "All other circuits to address the question have concluded that deportation is a collateral consequence of the criminal process and hence the failure to advise does not amount to ineffective assistance of counsel." 322 F.3d at 1200.

▬ The reasoning behind these opinions derives from the fact that a defendant's Sixth Amendment right to counsel encompasses *criminal* prosecutions only, and does not extend to requiring counsel on collateral consequences that may result from such proceedings. *Cf. Turner v. Commonwealth,* 647 S.W.2d 500, 500–501 (Ky.App.1982) ("A guilty plea that is brought about by a person's own free will is not less valid because he did not know all possible consequences of the plea and all possible alternative courses of action."). "[T]he Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial." *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The constitutional requirement of effective assistance of counsel, therefore, extends to and encompasses only those activities which tend to protect a criminal defendant's right to a fair and intelligent determination of guilt or innocence. *See id.* at 686, 104 S.Ct. 2052 ("In giving meaning to the requirement [of effective assistance of counsel], ... we must take its purpose-to ensure a fair trial-as the guide."); *McMann v. Richardson,* 397 U.S. 759, 766, 90 S.Ct. 1441, 1446, 25 L.Ed.2d 763 (1970) (since a guilty plea is also a waiver of trial, it is endowed with certain constitutional protections.)

In cases where defendants are agreeing to plead guilty in accordance with a plea bargain, this principle of protecting a criminal defendant's right to be fairly tried and justly convicted is extended to include investigating and advising the criminal defendant on all aspects of the plea and the direct consequences thereof—such as the sufficiency of the evidence supporting the plea, the availability of substantial defenses, the loss of several fundamental constitutional rights, and the punishment that may be imposed by the trial court. *See Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (defendant must be "fully aware of the *direct* consequences" of a guilty plea) (emphasis added); *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974) (setting forth standards for effective assistance of counsel). The existence of collateral consequences is irrelevant to the determination of a defendant's guilt or innocence and completely outside the authority or control of the trial court. Accordingly, we find, along with the majority of other courts determining the issue, that the Sixth Amendment requires representation encompassing only the criminal prosecution itself and the direct consequences thereof. Because the consideration of collateral consequences is outside the scope of representation required under the Sixth Amendment, failure of defense counsel to advise Appellee of potential deportation consequences was not cognizable as a claim for ineffective assistance of counsel.

The opinion of the Court of Appeals is reversed; and the judgment of the trial court is reinstated.

All concur.