COMMONWEALTH of Kentucky, Appellant,

v.

**Jose R. PADILLA, Appellee.**

No. 2006–SC–000321–DG.

Supreme Court of Kentucky.

Jan. 24, 2008.

Rehearing Denied June 19, 2008.

---

5. *Campbell v. Commonwealth,* 732 S.W.2d 878 (Ky.1987).

Jack Conway, Attorney General of Kentucky, David A. Smith, Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, KY, Counsel for Appellant.

Timothy G. Arnold, Richard E. Neal, Assistant Public Advocates, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice LAMBERT.

This Court granted the Commonwealth's motion for discretionary review. It seeks reversal of the Court of Appeals opinion remanding to the trial court for an evidentiary hearing on Appellee's ineffective assistance of counsel claim pursuant to RCr 11.42.

Appellee Jose Padilla is a native of Honduras who has lived in this country for decades. He served in the United States military during the Vietnam War. Padilla was indicted by the Hardin County Grand Jury for trafficking in more than five pounds of marijuana, possession of marijuana, possession of drug paraphernalia, and operating a tractor/trailer without a weight and distance tax number. Padilla, represented by counsel, moved to enter a guilty plea to the three drug-related charges, in exchange for dismissal of the remaining charge, and a total sentence of ten years on all charges. The plea agreement provided that Padilla would serve five years of his ten year sentence, and would be sentenced to probation for the remaining five years. Final judgment was entered October 4, 2002.

On August 18, 2004, Padilla filed an RCr 11.42 motion for post-conviction relief alleging that his attorney was ineffective in misadvising him about the potential for deportation as a consequence of his guilty plea. Padilla alleged that his counsel told him that he "did not have to worry about immigration status since he had been in the country so long." The Hardin Circuit Court denied the RCr 11.42 motion on the basis that a valid guilty plea does not require that the defendant be informed of every possible consequence of a guilty plea. It reasoned that since Appellee's bond was changed because he was suspected of being an illegal alien, he was aware of the possibility of deportation, and the court noted that counsel did discuss the issue with him. The court concluded that: "Padilla's counsel does not make a deportation decision and neither does this Court."

On appeal, the Court of Appeals reversed the decision of the Hardin Circuit Court and remanded the case for an evidentiary hearing. The Court of Appeals had the benefit of this Court's recent decision in *Commonwealth v. Fuartado,*[1] which determined that collateral consequences are outside the scope of representation required by the Sixth Amendment and that failure of defense counsel to advise the defendant of possible deportation consequences is not cognizable as a claim for ineffective assistance of counsel. However, the majority of the Court of Appeals panel found this case distinguishable from that unequivocal holding in *Fuartado.* The Court of Appeals held that although collateral consequences do not have to be advised, "an affirmative act of 'gross misadvice' relating to collateral matters can

1. 170 S.W.3d 384 (Ky.2005).

justify post-conviction relief." [2] The Court of Appeals concluded that counsel's wrong advice in the trial court regarding deportation could constitute ineffective assistance of counsel. It remanded Appellee's case to the trial court for an evidentiary hearing on his motion for RCr 11.42 relief.

The Commonwealth argues that the Court of Appeals erred in distinguishing this case from *Fuartado*, because the legal premise in that case was that deportation is a collateral consequence of the criminal conviction. The Commonwealth argues that, whether as the result of misadvice or the failure to advise, deportation is necessarily collateral and not meaningfully distinguishable from other consequences such as losing the right to vote or to possess firearms. The Commonwealth argues that the defendant's understanding or misunderstanding of collateral matters is not implicated with respect to the waiver of constitutional rights upon entering a guilty plea.

Appellee responds that the Commonwealth fails to recognize that although most courts follow the collateral consequences rule, there is generally an exception for erroneous advice on collateral consequences as opposed to no advice. Additionally, Appellee disputes the Commonwealth's assertion that he is not facing deportation as a result of the plea in this case, but because he is an illegal alien. Appellee insists there is nothing in the record to substantiate that claim by the Commonwealth, but the record instead shows that he was living in this country as a legal permanent resident even though he had not obtained American citizenship. Padilla points to his valid Nevada driver's license, his valid social security number, and his service in the United States military during the Vietnam War. Padilla argues for a presumption of validity regarding his immigration status given the evidence he points to in the record.

Appellee argues that relief is warranted on the basis of ineffective assistance because his plea was substantially induced by his attorney's mistaken advice regarding his immigration status. He argues that under *Strickland v. Washington*,[3] he cannot be bound to such a plea, and cites *Sparks v. Sowders*[4] as authorizing this result. In *Sparks*, the United States Court of Appeals for the Sixth Circuit held that "gross misadvice" concerning parole eligibility can amount to ineffective assistance of counsel. *Sparks* relied on *Strader v. Garrison*,[5] which had determined that even though parole eligibility is a collateral consequence of the guilty plea which an attorney does not have to inform his client of, once an accused does inquire about it, it may constitute ineffective assistance of counsel if he is misinformed about it and the erroneous advice induces the plea.

Thus, in some courts a rule has emerged that an attorney who offers grossly erroneous advice to a defendant which is material in inducing a guilty plea may have rendered ineffective assistance of counsel.[6] Appellee correctly asserts that a number

---

2. The court relied on *Sparks v. Sowders*, 852 F.2d 882, 885 (6th Cir.1988).

3. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. 852 F.2d 882 (6th Cir.1988).

5. 611 F.2d 61, 65 (4th Cir.1979).

6. See, e.g., *Cepulonis v. Ponte*, 699 F.2d 573, 577 (1st Cir.1983) (although defendant need not be informed of the details of his parole eligibility, "misinformation may be more vulnerable to constitutional challenge than mere lack of information"); *Strader v. Garrison*, 611 F.2d 61 at 65; *Sparks v. Sowders*, 852 F.2d at 885.

of jurisdictions which have held that failure to advise of a collateral matter is not ineffective assistance have nevertheless held that there is an exception for cases where the attorney misadvised the defendant on the consequences of his plea with regard to immigration.[7]

We conclude that our unequivocal holding in *Fuartado* leaves Appellee without a remedy pursuant to RCr 11.42. As collateral consequences are outside the scope of the guarantee of the Sixth Amendment right to counsel, it follows that counsel's failure to advise Appellee of such collateral issue or his act of advising Appellee incorrectly provides no basis for relief. In neither instance is the matter required to be addressed by counsel, and so an attorney's failure in that regard cannot constitute ineffectiveness entitling a criminal defendant to relief under *Strickland v. Washington.* Accordingly, we reverse the Court of Appeals and reinstate the final judgment of the Hardin Circuit Court denying RCr 11.42 relief.

All sitting. LAMBERT, C.J., and ABRAMSON, MINTON, NOBLE and SCOTT, JJ., concur.

CUNNINGHAM, J., dissents by separate opinion in which SCHRODER, J., joins.

Dissenting opinion by Justice CUNNINGHAM.

I respectfully dissent from the excellent writing of our distinguished Chief Justice.

I believe *Commonwealth v. Fuartado* is distinguishable in a small, but critical way from the case before us. In that case, the Court of Appeals concluded that a defense lawyer has no affirmative duty to inform his or her client of the impact that a guilty plea will have on civil immigration status. I fully agree.

In this case, however, if Appellee's claim is to be believed—a prospect still looming because no hearing was held—he specifically inquired of his counsel about this very important matter. Appellee had been in the United States for decades and had even served this country in Vietnam. Again, it is Appellee's contention that his counsel gave him terribly wrong advice. The majority states that the matter of deportation is "not a matter required to be addressed by counsel." Again, I fully agree. But here, Appellee raised the issue himself. Counsel could have just as easily, and responsibly, responded that he did not know the answer. Counsel who gives erroneous advice to a client which influences a felony conviction is worse than no lawyer at all. Common sense dictates that such deficient lawyering goes to effectiveness. The allegations made by Appellee may not be credible. But he was at least entitled to a hearing. I do not believe it is too much of a burden to place on our defense bar the duty to say, "I do not know." Accordingly, I would reverse and remand for a hearing.

SCHRODER, J., joins this dissenting opinion.

---

7.  *State v. Rojas–Martinez,* 125 P.3d 930, 935 (Utah 2005); *United States v. Kwan,* 407 F.3d 1005 (9th Cir.2005); *Gonzalez v. State,* 191 Or.App. 587, 83 P.3d 921 (2004); *United States v. Couto,* 311 F.3d 179 (2d Cir.2002); *Downs–Morgan v. United States,* 765 F.2d 1534, 1539–41 (11th Cir.1985).