PER CURIAM.
In 1998, Jose Martinez Flores was charged with possession of cocaine and DUI. He entered drug court but failed to successfully complete the program. A warrant issued for his arrest in March 2000. Flores was arrested on the warrant in November 2007. Immigration and Customs Enforcement (ICE), the federal agency which enforces immigration law, placed a detainer on Flores requesting that he be turned over to them custody upon release. On April 7, 2008, Flores entered a negotiated plea to a lesser misdemeanor offense of possession of drug paraphernalia and was sentenced to time served. Two weeks later, April 21, 2008, ICE sought to deport Flores.
After holding an evidentiary hearing, the lower court denied Flores’ timely Rule 3.850 motion which sought to withdraw the plea. Flores alleged that he entered the plea to this reduced, misdemeanor charge because his attorney assured him that, unlike the felony possession of cocaine charge, this misdemeanor conviction would not cause him to be deported.
During the plea colloquy, the judge gave Flores the standard warning that the con- *219 vietion may result in deportation. Fla. R.Crim. P. 3.172(c)(8) (requiring court to verify before accepting plea that defendant understands “that if he or she pleads guilty or nolo contendere, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service”).
At the evidentiary hearing, Flores admitted that he understood the judge’s warning but relied on his attorney’s advice instead.[1] Flores sought to introduce testimony from his wife that, at or about the time of the plea, she discussed with the attorney her husband’s immigration problem and their concern that he not be deported.[2] The court ruled this was inadmissible hearsay. Flores’ attorney did not testify at the evidentiary hearing. No evidence was presented to dispute Flores’ testimony.
The court denied the motion finding that Flores was not credible. The judge did not believe that Flores had difficulty understanding English or that his attorney had given him misadvice which caused him confusion during the plea hearing. The court appears to have agreed with the State’s argument that the Rule 3.172(c)(8) warning, advising that the plea may result in deportation, cured any deficiency on the part of counsel and that appellant could not rely on the advice of counsel when it was contrary to what the court advised in the colloquy. Bermudez v. State, 603 So.2d 657 (Fla. 3d DCA 1992).
After the hearing, the prosecutor approached Flores’ postconviction counsel and advised that she recalled Flores’ attorney telling her during plea negotiations that Flores would not accept a plea to possession of cocaine because it would lead to his deportation. Postconviction counsel brought this to the court’s attention and attempted to present testimony from the prosecutor, but the judge did not believe this testimony would change the outcome. The court ruled that Flores was not entitled to relief because the case he cited to show that possession of drug paraphernalia is a deportable offense, Alvarez Acosta v. U.S. Atty. Gen., 524 F.3d 1191 (11th Cir.2008), issued after the plea and constituted a change in law.
Flores moved for rehearing and cited authority establishing, well before the date of his plea, that possession of drug paraphernalia is an offense relating to a “controlled substance” which makes appellant deportable. Luu-Le v. I.N.S., 224 F.3d 911, 914 (9th Cir.2000). See 8 U.S.C. § 1227(a)(2)(B) (providing that any alien convicted of any law or regulation “relating to a controlled substance” (other than a single offense of possession of 30 grams or less of marijuana) is deportable). Rehearing was denied. The trial court’s conclusion that there was a change in law which counsel could not have anticipated was incorrect.
Flores argues on appeal that the court erred in ruling that his wife’s testimony about the legal advice counsel had given was hearsay. He also contends that the court should have granted his request to reopen the evidentiary hearing to take testimony from the prosecutor. We need not decide whether either of these rulings was incorrect because the court’s Rule *220 3.172(c)(8) deportation warning in the plea colloquy cures any prejudice arising from counsel’s alleged misadvice. Flores is not entitled to withdraw his plea on the basis of ineffective assistance of counsel, and we affirm.
We have considered the U.S. Supreme Court’s recent decision in Padilla v. Kentucky, — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), which was decided while this case was in the appellate pipeline. Padilla holds that a criminal defense attorney has a Sixth Amendment duty to advise a non-citizen defendant, who is considering entering a plea, whether the plea carries a risk of deportation. 130 S.Ct. at 1486. The Court in Padilla, which involved a similar claim of attorney misad-vice, found that counsel provided deficient performance in advising the defendant that the plea would not result in deportation. The Court remanded for the Kentucky trial court to determine whether Padilla established prejudice, i.e., a reasonable probability that but for counsel’s deficient advice he would not have entered the plea. Id. at 1487.[3] Critically, Padilla was not advised by the trial court during the plea colloquy that the plea might result in deportation. See Commonwealth v. Padilla, 253 S.W.3d 482 (Ky.2008).
Flores’ case is distinguishable from Padilla,[4] Flores cannot show the prejudice necessary to obtain relief for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Flores was advised during the plea colloquy that his plea may result in his deportation. He admitted that he understood what the judge said but did not believe this warning applied to him personally. He thought this was something the judge had to say to everyone and relied on what his attorney had told him instead.
A defendant’s sworn answers during a plea colloquy must mean something. A criminal defendant is bound by his sworn assertions and cannot rely on representations of counsel which are contrary to the advice given by the judge. See Scheele v. State, 953 So.2d 782, 785 (Fla. 4th DCA 2007) (“A plea conference is not a meaningless charade to be manipulated willy-nilly after the fact; it is a formal ceremony, under oath, memorializing a crossroads in the case. What is said and done at a plea conference carries consequences.”)
When the Court advises that the plea may result in deportation, a defendant has an affirmative duty to speak up if the attorney has promised something different. See Iacono v. State, 930 So.2d 829 (Fla. 4th DCA 2006) (holding that defendant is bound by his sworn answers during the plea colloquy and may not later assert that he committed perjury during the colloquy because his attorney told him to lie).
The court’s warning that Flores may be deported based on his plea cured any prejudice that might have flowed from coun *221 sel’s alleged misadvice. Bermudez, 603 So.2d at 658. When Flores entered his plea, he assumed the risk that he “may” be deported.
In addition, Flores failed to establish that his plea in this case was the sole basis for his deportation. Forrest v. State, 988 So.2d 38 (Fla. 4th DCA 2008). At the evidentiary hearing, Flores’ wife was asked whether Flores was present in the country lawfully when they married in 2001. Defense counsel’s objection to the question was sustained. Flores did not testify regarding how he entered the country and was not asked if he was present lawfully. If appellant was not lawfully present in the country, or if some other independent ground for deportation existed, then he would not be entitled to withdraw his plea. Rosas v. State, 991 So.2d 1003 (Fla. 4th DCA 2008).

Affirmed.

TAYLOR, DAMOORGIAN and CIKLIN, JJ., concur.

. In his motion, Flores, a citizen of Mexico, had alleged, that he speaks Spanish, was not provided an interpreter at the plea hearing, and did not fully understand the plea proceedings.

. The wife is a United States citizen. Flores married his wife in 2001 about seven years before the hearing. They have three children together.

. The Court explained that, to show prejudice, Padilla would have to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances. See Roe v. Flores-Ortega, 528 U.S. 470, 480, 486, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).” Padilla, 130 S.Ct. at 1485.

. Padilla involved a drug trafficking offense which is an "aggravated felony” and treated differently under immigration law. 130 S.Ct. at 1480 (citing 8 U.S.C. § 1101 (a)(43)(B) which enumerates drug trafficking as an aggravated felony); 8 U.S.C. § 1227(a)(2)(A)(iii) (providing that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable”). See also 8 U.S.C. § 1229b(a)(3) (precluding cancellation of removal for those convicted of an aggravated felony); 8 U.S.C. § 1228(c) (creating a presumption of deportability for those convicted of aggravated felonies).