JACOBUS, J.
The appellant, Claudia Vergara Castaño, timely appeals the denial of her rule 3.850 motion[1] alleging ineffective assistance of counsel. Although she raises several points on appeal, only one merits discussion. That is, Castaño contends her lawyer was ineffective for failing to apprise her of the immigration consequences of her plea.
Castaño, who owned and operated a day care center out of her home, was charged with child neglect, a third-degree felony, when 'a child under her care was found wandering in her neighborhood. Castaño was represented by counsel and ultimately entered a plea to the charge of child neglect. According to her attorney, her main concern was avoiding a jail sentence. Her attorney also stated that he and Castaño discussed the immigration consequences of her plea. Because her attorney was unsure whether she could be deported as a result of pleading to the charge, he suggested Castaño consult with an immigration attorney. At the time of her plea, the trial judge informed Castaño that “if you’re not a U.S. citizen you can be deported as a result of this plea.” Castaño indicated she understood, and answered ‘Tes.”
In oral argument, Castano’s attorney argued that a plea to child neglect may be a crime which requires mandatory deportation. Thus, Castano contends that in light of Padilla v. Kentucky, — U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), her attorney was obligated to advise her that mandatory deportation could be a consequence of her plea.
This court has previously aligned itself with the Fourth District Court of *548 Appeal in Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010), which held that any prejudice arising from counsel’s misadvice regarding the immigration consequences of a plea is cured when the trial court gives the deportation warning in Florida Rule of Criminal Procedure 3.172(c)(8) during the plea colloquy. The instant warning given by the trial judge is sufficient to cure any inadequate advice given by Castano’s attorney. We recognize that this directly conflicts with Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011).
Another aspect of this case is that Castaño entered her plea on March 4, 2009, and Padilla was decided March 31, 2010. We have previously held that Padilla should not be applied retroactively. See State v. Shaikh, 65 So.3d 539 (Fla. 5th DCA 2011). We agree with the Third District Court of Appeal that the question whether Padilla should be applied retroactively is one of great public importance and we certify to the Florida Supreme Court that question pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v). We certify conflict with the Third District Court of Appeal in Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), under Florida Rule of Appellate Procedure 9.030(a)(2)(A)(iv). Consistent with our holding in Chin v. State, 51 So.3d 472 (Fla. 5th DCA 2010), we affirm.
AFFIRMED, QUESTION CERTIFIED; CONFLICT CERTIFIED.
MONACO, C.J. and LAWSON, J., concur.

. Fla. R.Crim. P. 3.850.