PER CURIAM.
The defendant appeals an order denying his post-conviction relief motion. In his motion the defendant argued that he was not afforded effective assistance of trial counsel because his counsel did not adequately warn him of the immigration consequences of his plea, as required by Padilla v. Kentucky, — U.S.—, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).[1] The trial court denied the defendant’s motion relying on Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010). In its response to the post-conviction motion, the State apparently failed to alert the trial court to this Court’s pronouncement in Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), finding conflict with Flores.
On the authority of Hernandez, we reverse the order and remand for an eviden-tiary hearing consistent with that opinion.
Reversed and remanded.

. The defendant entered a plea and was sentenced after the date Padilla became final. Therefore this case presents no issue regarding the retroactive application of Padilla.