WALLACE, Judge.
Rieran F. O’Neill appeals the dismissal of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850 in which he moved to withdraw his plea based on Padilla v. Kentucky, 559 U.S. 356, -, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010). We reverse the post-conviction court’s dismissal of O’Neill’s motion, and we remand for an evidentiary hearing.
On June 14, 2010, O’Neill pleaded nolo contendere to possession of cocaine and sale of cocaine in case number 10-CF-15242 and to grand theft in case number 10-CF-15254. O’Neill was sentenced on all charges to concurrent terms of 364 days in jail, followed by twenty-four months’ probation. On November 30, 2011, O’Neill, through counsel, filed a motion for postconviction relief in which he alleged that his counsel gave him incorrect advice about the deportation consequences of his pleas in these cases.
O’Neill claimed that his counsel spoke with an immigration attorney and learned that a conviction for sale and possession of cocaine would result in O’Neill’s deportation and would probably make him permanently inadmissible to the United States. Nevertheless, counsel informed O’Neill that because the court would sentence O’Neill to only 364 days in jail, his pleas would have no immigration consequences. O’Neill alleged that his counsel’s misadvice on this matter rendered counsel’s performance deficient in light of Padilla, 130 S.Ct. at 1483, which requires that when eligibility for deportation is a clear result of a plea, counsel must inform the defendant accordingly. Furthermore, O’Neill alleged prejudice, stating that absent his counsel’s misadvice on the immigration consequences of his pleas, he would not have resolved his cases by pleas and instead would have exercised his right to a jury trial in each case.
O’Neill maintained that the prejudice resulting from his counsel’s deficient performance was not cured by the general deportation warning required — and given — during the plea colloquy in accordance with Florida Rule of Criminal Procedure 3.172(c)(8). In support, O’Neill claimed that because the immigration consequences of his plea were certain, his counsel had a duty under Padilla to advise him accordingly. Therefore, a general warning that his plea might subject him to deportation does not cure the prejudice resulting from counsel’s incorrect advice. See Hernandez v. State, 61 So.3d 1144, 1151 (Fla. 3d DCA 2011), review granted, 81 So.3d 414 (Fla.2012).
Padilla was decided before O’Neill entered his pleas; there is no issue about retroactivity here. However, the postcon-viction court pointed to the Fourth District’s reasoning in Flores v. State, noting that “[cjritically, Padilla was not advised by the trial court during the plea colloquy that the plea might result in deportation.” 57 So.3d 218, 220 (Fla. 4th DCA 2010). The Fourth District held that because Flores had received such a warning in accordance with rule 3.172(c)(8), he could not show the prejudice necessary to obtain relief, under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Flores, 57 So.3d at 220-21; see *1135 also Castano v. State, 65 So.3d 546, 547-48 (Fla. 5th DCA 2011) (agreeing with the Fourth District in Flores), review granted, 81 So.3d 413 (Fla.2012).
Following Flores, the postconviction court ruled that because O’Neill had received a deportation warning in compliance with rule 3.172(c)(8), he was unable to establish prejudice. In addition, the court concluded that O’Neill’s reliance on Hernandez was misplaced. The court reasoned as follows: A decision about the deportation of any particular individual is obviously within the control of the federal government. Accordingly, absolute certainty about whether the federal government will ever deport any particular defendant — even if he or she is clearly eligible— is unattainable. Therefore, a warning that a defendant “may” be subject to deportation is more accurate than a warning that he or she “will” be subject to deportation.
This court has already ruled that Padilla does not apply retroactively, see Barrios-Cruz v. State, 63 So.3d 868, 870 (Fla. 2d DCA 2011), but it has not yet addressed the impact of rule 3.172(c)(8) on claims of ineffective assistance under Padilla. In Padilla, the United States Supreme Court said: “[W]hen the deportation consequence [of a plea] is truly clear, ... the duty to give correct advice is equally clear.” 130 S.Ct. at 1483. Based on this precept, the Third District disagreed with the Fourth District’s Flores opinion, reasoning as follows:
[T]he ruling in Padilla does not turn on the fact that the Kentucky trial court and plea colloquy failed to include a “may subject you to deportation” type of warning. It turns on the fact that a “may” warning is deficient (and is actually misadviee) in a case in which the plea “will” subject the defendant to deportation.
Hernandez, 61 So.3d at 1151. On this point, we agree with the Third District. For the reasons explained in Hernandez, we hold that the deportation warning required by rule 3.172(c)(8) does not cure the prejudice resulting from counsel’s failure to perform the duties mandated by Padilla.
Accordingly, we reverse the postconviction court’s dismissal of O’Neill’s motion, and we remand for an evidentiary hearing. In addition, we certify conflict with the Fourth District’s opinion in Flores and with the Fifth District’s opinion in Casta-ño.
In light of the imminence of O’Neill’s anticipated deportation, we expedited our review of this case. On remand, the post-conviction court shall expedite its consideration of O’Neill’s claims.
Reversed and remanded.
DAVIS and MORRIS, JJ., Concur.