PER CURIAM.
This case is sua sponte consolidated with Cisneros v. State, case no. 4D11-2689, as the two appeals concern the same appellant, the same plea challenge and same trial court order of summary denial.
We affirm the trial court’s summary denial of appellant’s motions to vacate plea and sentence filed pursuant to Florida Rule of Criminal Procedure 3.850, following his no contest pleas to possession of cocaine and possession of marijuana in case 08-4070CF10A, and his no contest pleas to home burglary in case 08-495CF10A. After his pleas, he alleges he was informed that he was in imminent danger of removal proceedings and subject to a detainer by immigration authorities. He claims that counsel did not advise him about the immigration consequences of his pleas and that had he been properly advised, he would not have entered the pleas.
Appellant’s reliance on Padilla v. Kentucky, — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), recognizing ineffective assistance of trial counsel claims where a defendant is misadvised on deportation consequences of a plea, is misplaced because that decision does not apply retroactively. See Smith v. State, 85 So.3d 551 (Fla. 4th DCA 2012) (citing McCalla v. State, 77 So.3d 845 (Fla. 4th DCA 2012), and other authorities).
Further, the record attachment to the State’s response filed in the trial court, which the trial court attached and incorporated as the basis for its summary denial of relief, demonstrated that the trial judge expressly informed appellant that if he was not a U.S. citizen, taking the pleas could result in deportation. Appellant told the judge he understood this. This precludes a claim of ineffective assistance of trial counsel on this ground. See Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010). As in Flores, we note that this decision expressly and directly conflicts with Hernandez v. State, 61 So.3d 1144, 1145 (Fla. 3d DCA 2011), review granted, 81 So.3d 414 (Fla.2012), in which the third district held that Padilla rendered Florida’s existing standard deportation warning “constitutionally deficient” under its circumstances. We certify the conflict and certify a question of great public importance:
*279 DOES THE IMMIGRATION WARNING IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.172(c)(8) BAR IMMIGRATION-BASED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIMS BASED ON THE UNITED STATES SUPREME COURT’S DECISION IN Padilla v. Kentucky, — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010)?

Affirmed; Conflict and Question Certified.

WARNER, TAYLOR and HAZOURI, JJ., concur.