PER CURIAM.
Obed Jean appeals the summary denial of his motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, in which he moved to withdraw his plea based on Padilla v. Kentucky, — U.S. —, —, 130 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010). We reverse the post-conviction court’s denial of Jean’s motion, and we remand for an evidentiary hearing.
On April 22, 2010, in case number 09-CF-19326B, Jean pleaded nolo contendere to possession of cocaine and sale of cocaine within 1000 feet of a daycare center and was sentenced to concurrent terms of 28.5 months’ imprisonment on each charge. At the same hearing, the court found that Jean had violated probation in case number 07-CF-16541B and sentenced him to another concurrent term of 28.5 months’ imprisonment. Jean subsequently claimed that his counsel failed to inform him that his plea in case number 09-CF-19326B would result in mandatory eligibility for deportation, rendering his counsel’s performance deficient in light of Padilla, 130 S.Ct. at 1483, which holds that “when the deportation consequence [of a plea] is truly clear ... the duty to give correct advice is equally clear.” Furthermore, Jean alleged that absent his counsel’s misadvice on this matter, he would not have resolved his case by plea and instead would have exercised his right to a jury trial. Jean acknowledged that he had received a deportation warning during the plea colloquy in accordance with Florida Rule of Criminal Procedure 3.172(c)(8), but he claimed that *95 this did not cure the prejudice arising from his counsel’s failure to comply with the requirements of Padilla. See Hernandez v. State, 61 So.3d 1144, 1151 (Fla. 3d DCA 2011), review granted, 81 So.3d 414 (Fla.2012).
This court has already ruled that Padilla does not apply retroactively. See Barrios-Cruz v. State, 63 So.3d 868, 870 (Fla. 2d DCA 2011). However, Jean’s judgment and sentence became final in May of 2010, so the retroactive application of Padilla, decided in March of 2010, is not at issue. As established in O’Neill v. State, — So.3d —(Fla. 2d DCA 2012), we aligned ourselves with the Third District’s decision in Hernandez, 61 So.3d at 1151, and held that the deportation warning required by rule 3.172(c)(8) does not cure the prejudice resulting from counsel’s failure to perform the duties mandated by Padilla.
Accordingly, we reverse the postconviction court’s denial of Jean’s motion, and we remand for an evidentiary hearing. In addition, we certify conflict with the Fourth District’s opinion in Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010), and with the Fifth District’s opinion in Castano v. State, 65 So.3d 546 (Fla. 5th DCA 2011), review granted, 81 So.3d 413 (Fla.2012).
Reversed and remanded; conflict certified.
CASANUEVA, KELLY, and CRENSHAW, JJ„ Concur.