PER CURIAM.
The defendant filed a motion for post-conviction relief, pursuant to Fla. R.Crim. P. 3.850, contending trial counsel incorrectly advised him that a no-contest plea to five felony drug charges would not result in deportation proceedings being initiated by the U.S. Department of Homeland Security. Proceedings were begun against the defendant on February 11, 2011, reciting the defendant’s five convictions as the basis for two grounds for deportation. The defendant contends that the U.S. Supreme Court in Padilla v. Kentucky, — U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), held that where trial counsel misad-vises a criminal defendant about the immigration consequences of a plea, ineffective assistance of counsel is established as a matter of law.
In Flores v. State, 57 So.3d 218, 220 (Fla. 4th DCA 2010), we found that where, as here, the trial court accepting a criminal defendant’s plea advises the defendant in open court, pursuant to Fla. R.Crim. P. 3.172(c)(8), that a plea to criminal charges could result in deportation or other adverse immigration proceedings, no prejudice sufficient to support a finding of ineffective assistance of counsel will be found. Thus, we affirm the trial court’s summary denial of the defendant’s 3.850 motion. However, as in Cisneros v. State, 92 So.3d 278, 279 (Fla. 4th DCA 2012), we certify the following question as being of great public importance:
DOES THE IMMIGRATION WARNING IN FLORIDA RULE OF CRIMINAL PROCEDURE 3.172(C)(8) BAR IMMIGRATION-BASED INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS BASED ON PADILLA v; KENTUCKY, — U.S. -, 130 S.Ct. 1473,176 L.Ed.2d 284 (2010)?

Affirmed; question certified.

MAY, C.J., LEVINE and CONNER, JJ., concur.