PER CURIAM.
Abdool Rahim appeals the order summarily denying his motion for posteonvic *896 tion relief under Florida Rule of Criminal Procedure 8.850. We reverse and remand for an evidentiary hearing.
In his motion, Mr. Rahim alleged that his no contest plea was involuntary because his trial counsel failed to advise him that it entailed deportation consequences. See Padilla v. Kentucky, — U.S. -, -, 180 S.Ct. 1473, 1483, 176 L.Ed.2d 284 (2010) (holding that counsel must inform a client when deportation is a clear consequence of a plea). He alleged that counsel merely asked if he were a resident and when he answered affirmatively, counsel said there would be no immigration problems.
The postconviction court summarily denied Mr. Rahim’s motion because the trial court informed Mr. Rahim during the plea colloquy that he could be deported if he was not a United States citizen. Citing Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010), the court ruled that the warning cured any alleged misadvice by counsel.
This court has certified conflict with Flores in O’Neill v. State, — So.3d-, -(Fla. 2d DCA 2012), in which we held “that the deportation warning required by [Florida Rule of Criminal Procedure] 3.172(c)(8) does not cure the prejudice resulting from counsel’s failure to perform the duties mandated by Padilla.” We again certify conflict with Flores.
Accordingly, we reverse the order denying Mr. Rahim’s motion and remand for an evidentiary hearing.
Reversed and remanded; conflict certified.
NORTHCUTT, KHOUZAM, and CRENSHAW, JJ., Concur.