PARIENTE, J.,
concurring.
I concur with the majority that Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is not retroactive, but does apply to this case. I write to explain why. Here, Castaño timely filed *1209 an initial postconvietion motion months after her plea, raising the same claim as raised in Padilla. The United States Supreme Court then issued its decision in Padilla while Castano’s postconviction motion was still pending in the trial court. This is therefore not a case where the defendant waited for years after the conviction and initial postconviction motion were final to bring a Padilla claim. Specifically, this case stands in contrast to Hernandez v. State, — So.3d - (Fla.2012), where the defendant waited nine years after his 2001 plea to move for post-conviction relief. Fundamental fairness demands that Castaño receive the benefit of Padilla.
The underlying facts of this case are as follows. Castaño has stated that although she was not a United States citizen, she was lawfully residing in this country and was in the process of trying to obtain her permanent residency. She also has stated that she intended to ultimately apply for United States citizenship, and her youngest child was an American citizen. At the time of the criminal charges, Castaño owned and operated a day care center out of her home. She was charged with child neglect, a third-degree felony, when a child under her care was found wandering in her neighborhood. See Castano v. State, 65 So.3d 546, 547 (Fla. 5th DCA 2011). The child was found unharmed a short distance away by a neighbor who called the police. Castaño entered her plea on March 4, 2009, and was sentenced to one day in jail, with credit for one day served, three years of supervised probation, and court costs. In November 2009, only eight months after the plea, Castaño filed a postconviction motion alleging, among other grounds for relief, that her counsel had failed to advise her that her plea would subject her to mandatory deportation.
There was dispute about the specific advice Castano’s defense counsel gave her regarding the immigration consequences of her plea. According to her defense attorney, he had told Castaño she needed to consult with an immigration attorney. On the other hand, Castaño testified that she did not know she would be entering a plea until just minutes before entering the courtroom. She stated that her counsel told her that there was no alternative because she “would be found guilty anyway.” She further testified that counsel told her that the plea would require only a payment from her and that “everything was going to be all right.” She testified, however, that as a result of her plea, she was now subject to deportation and has lost the license to run her day care business, her main source of income.
At the time of the evidentiary hearing in December 2009, the law in Florida was governed by State v. Ginebra, 511 So.2d 960, 962 (Fla.1987), which held “that counsel’s failure to advise his client of the collateral consequence of deportation does not constitute ineffective assistance of counsel.” However, before the trial court entered an order denying relief in this case, the United States Supreme Court issued its opinion in Padilla, a postconviction case involving a similar claim of ineffective assistance of counsel for failure to advise of the deportation consequences of a plea. The Supreme Court held that Padilla’s defense counsel was deficient under the first prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for failing to advise Padilla that a guilty plea would subject him to automatic deportation. Padilla, 130 S.Ct. at 1478.
In this case, the postconviction court denied Castano’s motion by finding that the record refuted her claims of an involuntary plea, attaching a transcript of the *1210 2009 plea colloquy. The postconviction court did not make any findings concerning whether counsel had advised Castaño of a risk of deportation or had referred her to an immigration attorney.
On appeal to the Fifth District, Castaño advanced the argument that, under Padilla, her attorney “was ineffective for failing to apprise her of the immigration consequences of her plea.” Castano, 65 So.3d at 547. The Fifth District affirmed the denial of relief, holding that the plea colloquy cured any prejudice and that Padilla was not retroactive. Id. at 548.
This Court in Hernandez, — So.Sd - (Fla.2012), held that Hernandez’s counsel was deficient for failing to advise him that his plea subjected him to presumptively mandatory deportation, but that Padilla did not apply retroactively to his case. This Court also rejected the argument that the plea colloquy cured any claim of prejudice arising out of deficient advice regarding the plea consequences. Further, in light of Padilla, this Court receded from Ginebra, the controlling case law at the time of Castano’s plea. See Hernandez v. State, — So.3d at - n. 5.
I agreed in Hernandez that Padilla should not be applied retroactively to cases where initial postconviction proceedings were final before Padilla was decided. Here, however, Castaño timely raised her claim of ineffective assistance of counsel and sought to withdraw her plea only eight months after the plea was entered. The facts of this case stand in stark contrast to the facts of Hernandez, where Hernandez waited until 2010 to assert ineffective assistance of counsel with respect to his 2001 plea, filing a postconviction motion only after Padilla was decided.
Moreover, this case is distinguishable from those cases in which we have restricted the benefit of new law to “pipeline” cases — that is, cases in which an appellate court mandate has not yet issued on direct appeal. Those cases typically involved new law on issues that would be raised during direct appeal — not postconviction. See Hughes v. State, 901 So.2d 837, 838 (Fla.2005)(sentencing issue—application of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt”); Johnson v. State, 904 So.2d 400, 405, 407 (Fla.2005)(sentencing issue—application of “Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which held that a jury, not a judge, must find every fact upon which eligibility for the death penalty depends”); Smith v. State, 598 So.2d 1063, 1064 (Fla.1992)(sentencing issue — “when an appellate court reverses a departure sentence because there were no written reasons, the court must remand for resentencing with no possibility of departure from the guidelines”).
In contrast to the above “pipeline” cases, Padilla created new law that would apply to a claim raised in postconviction, not on direct appeal. Given the procedural posture of this case — where the defendant timely raised the same postconviction claim as the defendant in Padilla and the resolution of her claim was still pending at the time Padilla was decided — it is in effect a “pipeline” case for purposes of whether Padilla applies. Cf. Barthel v. State, 882 So.2d 1054, 1055 (Fla. 2d DCA 2004)(applying this Court’s decision in Nelson v. State, 875 So.2d 579 (Fla.2004)—which established new law regarding the requirements for an ineffective assistance of counsel claim for failing to call a witness — to the appeal from the denial of a postconviction motion, because the “appeal was in the ‘pipeline’ at the time Nelson *1211 became final,” and therefore the defendant “is entitled to the benefit of the controlling law in Nelson in effect at the time of appeal”).
In sum, Castaño was in the exact same position as Padilla, having filed a postcon-viction motion claiming that counsel was ineffective for failing to advise of the deportation consequences of a plea. Unlike the defendant in Hernandez, this is not a case where the defendant waited years after the conviction was final to bring a Padilla claim. Rather, Castaño timely filed a postconviction motion just months before the United States Supreme Court’s decision in Padilla, and the resolution of Castano’s claim was still pending when Padilla was decided. Under the facts of this case, it would be inequitable and illogical to hold that only one of two similarly situated defendants — Padilla and not Cas-taño — should receive the benefit of the United States Supreme Court’s decision. Accordingly, I concur with the majority opinion.
QUINCE and PERRY, JJ., concur.