KHOUZAM, Judge.
Alejandro Rodriguez challenges the order summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse the order and remand for an evidentiary hearing.
In November 2011, Rodriguez entered a negotiated plea of no contest to possession of cocaine in exchange for a sentence of 40 days in jail. Rodriguez sought to withdraw his plea on the ground that it was involuntarily entered because his trial counsel did not advise him as required by Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010),[1] that a conviction for possession of cocaine would subject him to presumptively mandatory deportation.[2] He further alleged that there is a reasonable probability he would not have pleaded but instead would have proceeded to trial had he been aware of the deportation consequences of the plea. Rodriguez presented a facially sufficient claim that his plea was involuntarily entered based on counsel’s failure to properly advise him of the clear deportation consequences of the plea. See Hernandez v. State, — So.3d - (Fla.2012).
The transcript of the plea hearing indicates that the trial court pursuant to Florida Rule of Criminal Procedure 3.172(c)(8) advised Rodriguez that the plea “may” subject him to deportation. In denying the motion, the postconviction court found that this was a sufficient warning of the deportation consequences of the plea.[3] However, an admonition that a plea to a particular offense may subject a defendant to deportation is not sufficient to alert him that the conviction would result in presumptively mandatory deportation, and it therefore does not cure the prejudice resulting from counsel’s failure to so advise. See Hernandez, — So.3d at -; O’Neill v. State, 107 So.3d 1133, 1135 (Fla. 2d DCA 2012). We therefore reverse and remand for an evidentiary hearing on Rodriguez’s claim. See O’Neill, 107 So.3d at 1135. Because it appears that deportation proceedings have already begun, the postcon-viction court on remand shall expedite its consideration of Rodriguez’s claim.
Reversed and remanded.
VILLANTI and SLEET, JJ., Concur.

. Padilla was decided prior to Rodriguez entering his plea, and his claim is therefore not affected by the issue of retroactive application.

. See 8 U.S.C. § 1227(a)(2)(B)(i); Hernandez v. State, - So.3d - (Fla.2012) (discussing the applicability of 8 U.S.C. § 1227(a)(2)(B)(i)).

. At the time of the issuance of the postcon-viction court’s order, neither this court nor the supreme court had ruled on this issue, and the postconviction court relied on cases from the Fourth and Fifth District Courts of Appeal.