Per Curiam.
Anne Marie Rila appeals the summary denial of a rule 3.850 motion that alleged her plea was involuntary based upon mis-advice from a person posing as an immigration attorney. Because her motion states a facially sufficient claim that is not refuted by the record, we reverse and remand for further proceedings.
According to her rule 3.850 motion, Rila, a Romanian citizen, was a lawful permanent resident of the United States when she was charged with committing criminal offenses. In 2013, she entered a negotiated plea to two counts of third degree grand theft and one count of uttering a forged instrument in exchange for nine months of probation with adjudication withheld. Before entering her plea, Rila and defense counsel consulted Mathew Cruz, who pretended to be an immigration attorney. Cruz advised them that as long as the term of probation was less than one year, a plea to these charges would not result in deportation.
*449 During the plea hearing, the trial court provided a general warning that the plea could subject her to deportation and that the court could not make any promises about whether she would be deported. Defense counsel advised the court that he had been in touch with her immigration attorney the entire time and that they were aware of the deportation consequences.
. Rila later learned that Cruz was not an attorney and his advice was wrong. In 2014, she moved, to withdraw her plea as involuntary. Fla. R. Crim. P. 3.850(a)(5). Her motion alleged that her plea subjects her to virtually automatic deportation because uttering a forged instrument is considered a crime of moral turpitude and the offense was committed within five years of admission, making her removable under 8 U.S.C. § 1227(a)(2)(A)®. She alleged that if she was correctly advised she would not have entered the plea and would havé proceeded to trial.
In support of her motion, Rila filed an affidavit from defense counsel stating: (1) he had no reason to question Cruz’s representation that he was an immigration lawyer; (2) Cruz advised them Rila would not be deportable under the terms of the plea agreement; and (3) defense counsel believed that Rila would not have entered the plea otherwise. Rila also provided evidence that Cruz was previously referred to the Florida Bar for the unauthorized practice of law.
The trial court summarily denied the rule 3.850 motion, agreeing with the state that Rila’s claim was refuted by the deportation warnings in the plea colloquy and written plea form.
A plea may be involuntary based upon affirmative misadvice about deportation consequences. Ghanavati v. State, 820 So.2d 989, 991 (Fla. 4th DCA 2002). The generic warnings Rila received about the possibility of deportation do not conclusively refute her claim that-she would not have entered the plea absent the. specific misad-vice that she received from a non-lawyer posing as an immigration attorney. See O’Neill v. State, 107 So.3d 1133 (Fla. 2d DCA 2012).
Rila’s rule 3.850 motion is facially sufficient and the record does not conclusively refute her allegations. As a result, we reverse the trial court’s summary denial-and remand for further proceedings.

Reversed and remanded.

Damoorgian, Conner and Klingensmith, JJ., concur.