PER CURIAM.
 

 The State seeks reversal of an order granting the motion of the appellee, Mohammed Sharique Shaikh, for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Mr. Shaikh’s motion, his third, was based on the opinion of the United States Supreme Court in
 
 Padilla v. Kentucky,
 
 — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), concerning the consequences of inadequate legal advice in connection with the risk of deportation at the time of the entry of a plea. The trial court found that his
 
 nolo contendere
 
 plea to violation of a domestic violence injunction was involuntary because of the purportedly erroneous advice given to him by his attorney. We reverse.
 

 Mr. Shaikh’s plea was entered on October 29, 2007, well before
 
 Padilla
 
 was handed down. We agree with that part of the decision of our sister court in the third district in
 
 Hernandez v. State,
 
 61 So.3d 1144 (Fla. 3d DCA 2011), holding that
 
 Padilla
 
 should not be applied retroactively. As Mr. Shaikh is not entitled to relief on his claim, we reverse the order granting post-conviction relief and remand to the trial court to reinstate the judgment and sentence in case number 48-2007-CF-5935.
 

 REVERSED and REMANDED with instructions.
 

 MONACO, C.J., and LAWSON and JACOBUS, JJ., concur.