*576
ON MOTION FOR REHEARING

ORFINGER, C.J.
We grant Raymundo Santiago’s motion for rehearing and request for written opinion, withdraw our earlier per curiam affir-mance and issue the following opinion in its stead.
Santiago pled no contest to possession of cocaine with intent to sell or deliver and possession of drug paraphernalia. He did not appeal his probationary sentence, which became final on February 2, 2008. On April 16, 2010, Santiago filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. The trial court denied Santiago’s motion as untimely. We affirm, but write to address Santiago’s claim that under the holding of Padilla v. Kentucky, — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), trial counsel was ineffective by not advising him of the deportation consequences of his no contest plea.
The record reflects that the following exchange took place between the court and Santiago during the plea colloquy:
THE COURT: Did you have an opportunity to discuss the plea form and your case with your attorney?
THE DEFENDANT: Yes.
THE COURT: Did you understand all the rights that are contained in this plea form; such as, your right to plead not guilty, the right to have your attorney represent you through a jury trial, the right to compel witnesses to testify on your behalf and cross-examine the witnesses against you, the right to testify or to remain silent, present any defenses that you might have and the right to require the State prove your guilt beyond reasonable doubt?
THE DEFENDANT: Yes.
[[Image here]]
THE COURT: Do you also understand that if you’re not a United States citizen that this plea could subject you to deportation?
THE DEFENDANT: Yes.
(Emphasis added).
We agree with the holding of Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010), that the trial court’s warning to Santiago that he may be deported as a result of his plea cured any prejudice that might have flowed from counsel’s misadvice (assuming any misadvice was given). Santiago, like Flores, assumed the risk that he “may” be deported. But see Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011) (certifying conflict with Flores and finding that Padilla rendered Florida’s existing standard deportation warning that plea “may” subject defendant to deportation to be constitutionally deficient in cases where automatic deportability is “truly clear,” non-discretionary consequence). However, we do agree with that part of the decision in Hernandez holding that Padilla should not be applied retroactively. State v. Shaikh, 65 So.3d 539, - (Fla. 5th DCA 2011); see State v. Green, 944 So.2d 208 (Fla. 2006) (holding that motion to withdraw plea on grounds that trial court did not advise of possibility of deportation will be held to same two-year time constraint as other postconviction motions to vacate sentences).
AFFIRMED.
MONACO and COHEN, JJ., concur.