ORFINGER, C.J.
 

 Thaddeus Baxter appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
 

 Mr. Baxter pled guilty to the charge of sale or delivery of a controlled substance in 1985. At the time of his plea, neither Mr. Baxter’s attorney nor the judge advised Mr. Baxter of the deportation consequences of entering the plea. Now, more than twenty-five years later, Mr. Baxter, citing
 
 Padilla v. Kentucky,
 
 — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), contends that his plea was involuntary because his attorney failed to inform him about the deportation consequences of his guilty plea.
 

 Mr. Baxter’s motion is untimely. A motion for postconviction relief based on the failure to advise a defendant regarding possible deportation consequences of a guilty plea is held to the same two-year time constraints as other postconvietion motions.
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006). Further, this Court has held that
 
 Padilla
 
 does not apply retroactively.
 
 See Santiago v. State,
 
 65 So.3d 575, 576 (Fla. 5th DCA 2011);
 
 State v. Shaikh,
 
 65 So.3d 539, 540 (Fla. 5th DCA 2011).
 

 For these reasons, we affirm the denial of Mr. Baxter’s motion for postconviction relief.
 

 AFFIRMED.
 

 MONACO and EVANDER, JJ„ concur.