WARNER, J.
 

 We affirm the trial court’s denial of appellant’s postconviction challenge to his 1986 conviction for possession of cannabis with intent to deliver. He claims that this conviction is causing deportation proceedings against him, which commenced in April 2010. He maintains that he was not advised by counsel or the court at the 1986 plea hearing, a transcript of which is now unavailable, that his plea may result in deportation, and that if he had been so advised he would not have pled to the crime. The trial court correctly denied the motion.
 

 First, the motion was untimely, because it was outside the two-year window of
 
 State v. Green,
 
 944 So.2d 208, 218 (Fla.2006), for bringing postconviction claims challenging convictions which could lead to deportation. Second, his reliance on
 
 Padilla v. Kentucky,
 
 — U.S. -, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), is misplaced. While
 
 Padilla
 
 authorizes an ineffective assistance of counsel claim where a defendant is misadvised as to the deportation consequences in pleading to a crime, Florida courts have held that
 
 Padilla
 
 cannot be applied retroactively.
 
 Hernandez v. State,
 
 61 So.3d 1144, 1151 (Fla. 3d DCA 2011).
 
 See also McCalla v. State,
 
 77 So.3d 845 (Fla. 4th DCA 2012);
 
 Davis v. State,
 
 69 So.3d 315 (Fla. 4th DCA 2011). Third, even without the drug conviction, appellant may still be deportable or unable to adjust his immigration status because of his conviction for a firearm offense.
 
 See, e.g., Nieto Hernandez v. Holder,
 
 592 F.3d 681, 686 (5th Cir.2009); 8 U.S.C. § 1227(a)(2)(C) (an alien convicted of an offense for possession of a firearm is de-portable). Thus, appellant has not clearly shown that the drug conviction is the sole
 
 *553
 
 basis for deportation.
 
 See Forrest v. State,
 
 988 So.2d 38, 40 (Fla. 4th DCA 2008).
 

 Affirmed.
 

 HAZOURI and GERBER, JJ., concur.