MAKAR, J.
This case involves the question of whether the United States Supreme Court’s decision in Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010) should be retroactively applied. Although courts around the country are split on the matter, each of the other four district courts of appeal in Florida has concluded that Padilla is not retroactive in application. See Smith v. State, 85 So.3d 551 (Fla. 4th DCA 2012); Barrios-Cruz v. State, 63 So.3d 868 (Fla. 2d DCA 2011); Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011) (certifying question), rev. granted, 81 So.3d 414 (Fla.2012); Santiago v. State, 65 So.3d 575 (Fla. 5th DCA 2011).
We join the other district courts of appeal in Florida, which have concluded that Padilla is not to be retroactively applied. See e.g., Angel-Bello v. State, 91 So.3d 276 (Fla. 1st DCA 2012); Barreneche v. State, 80 So.3d 455 (Fla. 1st DCA 2012). In joining, we note that our supreme court has accepted jurisdiction in Hernandez to resolve in Florida the rule to be applied. See Hernandez, 61 So.3d 1144, rev. granted, 81 So.3d 414 (Fla.2012). Further, the United States Supreme Court granted cer-tiorari to review the same question, and will hear oral arguments October 30, 2012. See Chaidez v. United States, 655 F.3d 684 (7th Cir.2011), cert. granted, - U.S. -, 132 S.Ct. 2101, 182 L.Ed.2d 867 (2012) (No. 11-820).
AFFIRMED.
VAN NORTWICK, and WETHERELL, JJ., concur.