PER CURIAM.
Rene Morales appeals the summary denial of his Rule 3.850 motion to vacate judgment and sentence and motion for rehearing. We affirm.
On June 3, 2009, appellant, a Mexican national and non-U.S. citizen, entered a negotiated no contest plea to possession with intent to sell or deliver cannabis (Count I), possession of more than 20 grams of cannabis (Count II), and possession of drug paraphernalia (Count III). The trial court accepted the plea, withheld adjudication of guilt, and placed appellant on two years of drug offender probation on counts I and II. On Count III, the trial court placed appellant on one year of drug offender probation concurrent with Counts I and II.
On June 9, 2010, appellant filed a Rule 3.850 motion to vacate judgment and sentence, claiming his counsel provided ineffective assistance of counsel in failing to advise him of adverse immigration consequences and failing to advise him that his convictions on Counts I and II constituted a double jeopardy violation. Appellant also asserted that the trial court should have allowed him to withdraw his plea because his convictions for possession of cannabis with intent to sell or deliver (Count I) and possession of more than twenty grams of cannabis (Count II) violate double jeopardy. Accepting the state’s concession of error as to the double jeopardy violation, the trial court amended the judgment and vacated Count II. We reject appellant’s contention that the trial court must also allow him to withdraw his plea and vacate the two-year drug probation sentence imposed on Count I.
We further reject appellant’s claim that his plea was involuntary pursuant to Padilla v. Kentucky, — U.S.-, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Padilla does not apply retroactively to convictions that were final when Padilla was decided. Hernandez v. State, 61 So.3d 1144 (Fla. 3d DCA 2011), rev. granted, 81 So.3d 414 (Fla.2012); Davis v. State, 69 So.3d 315 (Fla. 4th DCA 2011); Barrios-Cruz v. State, 63 So.3d 868 (Fla. 2d DCA 2011); State v. Shaikh, 65 So.3d 539 (Fla. 5th DCA 2011); Barreneche v. State, 80 So.3d 455 (Fla. 1st DCA 2012).
Moreover, we have held that the deportation warning of Florida Rule of Criminal Procedure Rule 3.172(c)(8) cures any prejudice. Flores v. State, 57 So.3d 218 (Fla. 4th DCA 2010); accord Castano v. State, 65 So.3d 546, 547-48 (Fla. 5th DCA 2011), review granted, 81 So.3d 413 (Fla.2012); Batista v. State, 90 So.3d 373 (Fla. 1st DCA 2012). Contra Hernandez, 61 So.3d at 1147-48; O’Neill v. State, — So.3d -(Fla. 2d DCA 2012).

Affirmed.

STEVENSON, TAYLOR and GERBER, JJ., concur.