[Cite as *State v. Velazquez*, 2011-Ohio-4818.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
### No. 95978

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## NELSON VELAZQUEZ

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-455936

**BEFORE:** Kilbane, A.J., Jones, J., and Keough, J.

RELEASED AND JOURNALIZED:   September 22, 2011

ATTORNEY FOR APPELLANT

Margaret W. Wong
Scott Eric Bratton
Jason Lorenzon
Margaret Wong & Associates Co.
3150 Chester Avenue
Cleveland, Ohio 44114

ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor
Kristen L. Sobieski
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   Defendant-appellant, Nelson Velazquez, appeals from the denial of his motion

to vacate his guilty plea.   For the reasons set forth below, we affirm.

{¶ 2}   On August 26, 2004, defendant was indicted for felonious assault and

intimidation of a witness.   On October 28, 2004, he pled guilty to attempted felonious assault

and the intimidation charge was nolled.  The supplemental record provided to this court indicates the following colloquy at the time of the plea:

{¶ 3} "THE COURT:  Okay, are you a citizen of the United States, * * * Mr. Velazquez?

{¶ 4} "THE DEFENDANT:  No.

{¶ 5} "THE COURT:  Where were you born, sir?

{¶ 6} "DEFENDANT:  Nicaragua.

{¶ 7} "THE COURT:  Mr. Velazquez, how are you here in the United States?  On a green card?

{¶ 8} "THE DEFENDANT:  Yes.

{¶ 9} "THE COURT:  Mr. Velazquez, be advised that in view of the fact that you are not a citizen of the United States, the conviction to the offense to which you are going to enter a guilty plea may have the consequences of deportation, exclusion from admission to the United States of America or denial of naturalization.  All of that is up to the United States government and the immigration and naturalization services.

{¶ 10} "Do you understand that, sir?

{¶ 11} "THE DEFENDANT:  Yes."

{¶ 12} On December 1, 2004, defendant was sentenced to two years of community control sanctions.  As part of his community control sanctions, the trial court imposed

numerous conditions, including 90 days of work release and 300 hours of community work service, completion of a GED program, inpatient drug treatment[1], and 90 days of house arrest. Defendant was also ordered to make restitution in the amount of $1,200.

{¶ 13} On May 25, 2005, defendant, represented by new counsel, filed a motion to withdraw his guilty plea to "correct a manifest injustice." In support of this motion, defendant asserted that English is not his first language, that he had no idea that the plea would have an affect upon his immigration status, that his trial counsel conducted only limited discovery and never discussed any immigration consequences as a result of the plea. He acknowledged that he first learned of the these consequences from the court at the plea hearing, but he stated that he pled guilty due to fear and confusion.

{¶ 14} On September 28, 2005, the trial court held a hearing on the motion. At this time, defense counsel conceded that the trial court properly advised defendant, a citizen of Nicaragua, of the immigration consequences of the guilty plea, but a manifest injustice occurred in the matter since defendant has only a limited understanding of English and entered the plea to avoid a more severe sentence.

{¶ 15} Defense counsel then questioned defendant under oath. At that time, defendant stated, in English, that he was 19 years old when he was charged with the instant offenses, his previous attorney held only limited meetings with him, and that he informed his

---

[1]The drug treatment component of the sentence was later modified to outpatient treatment.

attorney that he was present when the felonious assault occurred but his friend was the actual assailant. Defendant also stated that he filed a police report after the incident, and his attorney assured him that he would receive probation if he pled guilty. He did not understand that he could have the matter tried to a jury.

{¶ 16} On cross-examination, defendant admitted that he was originally charged with felonious assault, a second degree felony, which carried the presumption of imprisonment, plus intimidation, a felony of the third degree, which carried a potential penalty of one to five years of imprisonment. Under the plea, however, there was no presumption of imprisonment. In addition, the State argued that defendant offered no new exculpatory evidence.

{¶ 17} On October 3, 2005, the trial court concluded that defendant failed to demonstrate a manifest injustice that would require withdrawal of the guilty plea, and denied the motion to withdraw his guilty plea. Defendant filed a notice of appeal on November 2, 2005, which was designated App. No. 87230. On January 11, 2006, however, this court dismissed the appeal for failure to file the record.

{¶ 18} On October 1, 2010, defendant, with new counsel, filed a second motion to withdraw his guilty plea, to "correct a manifest injustice." In support of this motion, defendant asserted that his counsel was prejudicially ineffective for failing to advise him of the possibility of deportation.

{¶ 19} On October 7, 2010, the trial court issued a journal entry in which it noted that prior to the plea proceedings, the court had advised defendant of the possibility of deportation and that a previous motion to withdraw the guilty plea had been denied following a full hearing.

{¶ 20} Defendant now appeals and assigns the following errors for our review:

**"The trial court erred when it did not permit the defendant's guilty plea to be vacated pursuant to Ohio Criminal Rule 32.1 as his criminal attorney's conduct constitutes ineffective assistance of counsel under the two-prong *Strickland* [*v. Washington* (1984), 466 U.S. 688, 104 S.Ct. 2052, 80 L. Ed. 2d 674] test."**

**"The trial court erred by failing to hold an evidentiary hearing on Appellant's motion to withdraw his guilty plea and vacate his conviction pursuant to Ohio Criminal Rule 32.1 despite Appellant's clear and unequivocal request."**

{¶ 21} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 22} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph two of the syllabus. Thus, one who seeks to withdraw a plea after sentencing must establish the existence of manifest injustice. See *Smith* at paragraph one of the syllabus.

{¶ 23} However, under the standards of R.C. 2943.032(D), a noncitizen criminal defendant is not required to show "manifest injustice" when seeking to withdraw a guilty plea. *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355. R.C. 2943.031(D) provides:

> "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * *, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 24} An appellate court reviews a trial court's decision on a motion to withdraw a plea under R.C. 2943.031 under the abuse of discretion standard. *Francis*. That is, trial courts are vested with discretion to determine whether the trial court that accepted the plea substantially complied with R.C. 2943.031(A). Id. Further, the timeliness of the motion may be considered in determining whether to grant the motion. Id.

{¶ 25} Defendant maintains that his plea must be vacated because his trial counsel did not properly advise him of the deportation consequences of his guilty plea and conviction.

{¶ 26} To establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of defendant's trial or legal proceeding would have been different had

defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 27} With regard to the first prong of the *Strickland* analysis, we note that in *Padilla v. Kentucky* (2010), 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284, the United States Supreme Court reiterated that before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." Id., citing *McMann v. Richardson* (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763. With this principle in mind, the *Padilla* court held that "it is critical for counsel to inform her noncitizen client that he faces a risk of deportation" and that "[t]o satisfy this responsibility, counsel must inform her client whether his plea carries a risk of deportation," so the failure to do so can satisfy the first prong of the *Strickland* analysis. If the defendant meets this first prong of the *Strickland* analysis, he must still demonstrate prejudice as a result thereof before being entitled to relief. Id.

{¶ 28} In this matter, we find no abuse of discretion. Although defendant averred that counsel failed to advise him of the immigration consequences of the plea, the transcript from the plea clearly indicates that the trial court fully advised defendant that by entering a guilty plea to the offense of attempted felonious assault, he may be subject to deportation, exclusion from admission to the United States, or denial of naturalization, as determined by the United States and the immigration and naturalization services. Moreover, the defense conceded during the September 28, 2005 hearing, that in taking the guilty plea, the trial court "did

comply with the mandatory nature of the statutory warnings articulated in the statute and the Supreme Court mandated in [*Francis*]." Further, the instant motion to vacate was filed almost six years after the plea. Therefore, the trial court appropriately exercised its discretion in denying defendant's motion based on the record and based upon the untimeliness of the motion. Accord *State v. Bains*, Cuyahoga App. No. 94330, 2010-Ohio-5143.

{¶ 29} Further, as to the contention that defendant's trial counsel was ineffective at the time of the plea, we note that defendant was represented by highly competent counsel during the plea proceedings. Moreover, in *Bains*, this court rejected a similar claim and stated:

> "Even if we accept the averments of defendant's affidavit as true; namely, that his attorney quietly told him not to worry, the trial court clearly advised defendant on several occasions that his conviction would subject him to deportation — a fact his attorney corroborated at least by October 2003. Defendant did not attempt to withdraw his guilty plea until 2009. For these reasons, defendant cannot establish the requisite prejudice necessary to entitle him to relief. Accord *Flores v. State* [*of Florida*] (Fla. 4th DCA 2010), [57 So.3d 218] (holding 'the court's warning that Flores may be deported based on his plea cured any prejudice that might have flowed from counsel's alleged misadvice')."

{¶ 30} In accordance with the foregoing, the trial court acted within its discretion in denying defendant's motion to vacate his guilty plea. The assignments of error are without merit.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR