[Cite as *State v. Lababidi*, 2012-Ohio-267.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96755**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MAJED LABABIDI

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-485191 and CR-495046

**BEFORE:** Cooney, J., Blackmon, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** January 26, 2012

**ATTORNEY FOR APPELLANT**

Richard T. Seman
Richard T. Seman, Jr., Inc.
7784 Reynold Road
Mentor, Ohio 44060


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Daniel T. Van
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

{¶ 1}  Defendant-appellant, Majed Lababidi ("Lababidi"), appeals the trial court's denial of his motion to withdraw his plea.   Finding no merit to this appeal, we affirm.

{¶ 2}  In August 2007, Lababidi pled guilty in two separate cases to attempted receiving stolen property, drug trafficking, and drug possession.   In February 2010, the United States government began deportation proceedings against him as a direct result of his 2007 convictions.   In March 2010, Lababidi filed a motion to vacate his convictions pursuant to Civ.R. 32.1, and a full hearing was held in September 2010.   In April 2011, the trial court denied the motion with a detailed opinion.

{¶ 3}  Labababidi now appeals, raising one assignment of error in which he argues that the trial court erred in denying his motion to vacate his plea.   Labababidi argues that his counsel was ineffective because his trial attorney failed to advise him that his guilty plea would subject him to automatic deportation.   He argues that had he known that deportation was a consequence of his plea, he would not have pled guilty and, therefore, a manifest injustice occurred.

{¶ 4}  Crim.R. 32.1 governs the withdrawal of guilty pleas and provides that:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 5}  A defendant moving for a post-sentence withdrawal of a guilty plea has the burden of establishing the existence of manifest injustice.  *State v. Smith* (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324, paragraph one of the syllabus. This court has stated that: "[a] manifest injustice is defined as a 'clear or openly unjust act[;]' * * * 'an extraordinary and fundamental flaw in the plea proceeding.' * * * '[M]anifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her."  *State v. Sneed*, Cuyahoga App. No. 80902, 2002-Ohio-6502.

{¶ 6}  A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility, and weight of the movant's

assertions in support of the motion are matters to be resolved by that court. *Smith*, paragraph two of the syllabus. Consequently, an appellate court's review of a trial court's denial of a post-sentence motion to withdraw a guilty plea is limited to a determination of whether the trial court abused its discretion. *State v. Blatnik* (1984), 17 Ohio App.3d 201, 202, 478 N.E.2d 1016; *State v. Xie* (1992), 62 Ohio St.3d 527, 584 N.E.2d 715. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 7} However, a noncitizen criminal defendant is not required to show "manifest injustice" when seeking to withdraw a guilty plea. R.C. 2943.032(D); *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355. R.C. 2943.031(D) provides:

> "Upon motion of the defendant, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty * * *, if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

{¶ 8} R.C. 2943.031(A) requires a trial court to give the following advisement to all defendants entering either a guilty plea or a plea of no contest:

> "If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading * * * may have the

consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶ 9}** The only exceptions are if the defendant states orally on the record that he is a U.S. citizen or signs a written plea form stating he is a citizen. R.C. 2943.031(B).

**{¶ 10}** Lababidi asserts that this court, following *Padilla v. Kentucky* (2010), 559 U.S. __, 130 S.Ct. 1473, 176 L.Ed.2d 284, should reverse the trial court's denial of his motion due to his counsel's ineffectiveness. In *Padilla*, the United States Supreme Court reiterated that before deciding whether to plead guilty, a defendant is entitled to "the effective assistance of competent counsel." Id., citing *McMann v. Richardson* (1970), 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763. In order to establish a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

**{¶ 11}** The *Padilla* court held that "it is critical for counsel to inform her noncitizen client that he faces a risk of deportation" and that "[t]o satisfy this responsibility, counsel must inform her client whether his plea carries a risk of deportation," so the failure to do so can satisfy the first prong of the *Strickland* analysis. If the defendant meets this first prong of the *Strickland* analysis, he must still demonstrate prejudice as a result thereof before being entitled to relief. Id.

**{¶ 12}** This court has previously held that when a trial court properly informs a defendant regarding the possibility of deportation, pursuant to R.C. 2943.031(A) then any prejudice caused by the misadvice of counsel is cured. In *State v. Bains*, Cuyahoga App. No. 94330, 2010-Ohio-5143, at ¶29, appeal not allowed, 128 Ohio St.3d 1413, 2011-Ohio-828, this court rejected a claim similar to Lababidi's and stated:

> "Even if we accept the averments of defendant's affidavit as true; namely, that his attorney quietly told him not to worry, the trial court clearly advised defendant on several occasions that his conviction would subject him to deportation — a fact his attorney corroborated at least by October 2003. Defendant did not attempt to withdraw his guilty plea until 2009. For these reasons, defendant cannot establish the requisite prejudice necessary to entitle him to relief. Accord *Flores v. State* [*of Florida*] (Fla. 4th DCA 2010), [57 So.3d 218] (holding 'the court's warning that Flores may be deported based on his plea cured any prejudice that might have flowed from counsel's alleged misadvice')."

See, also, *State v. Velazquez*, Cuyahoga App. No. 95978, 2011-Ohio-4818 (no abuse of discretion in denying defendants motion to withdraw his plea based on misadvice of counsel, when the trial court properly advised defendant pursuant to R.C. 2943.031(A) of possible deportation).

**{¶ 13}** Lababidi does not claim that the trial court failed to properly advise him of possible deportation; in fact, he admits that he was not paying attention to the trial judge and instead relied solely on his attorney who assured him that deportation was unlikely. We note that Lababidi has failed to file a transcript of his plea hearing with his appeal, and therefore, "[i]n the absence of a complete and adequate record, a reviewing court must presume the regularity of the trial court proceedings and the presence of sufficient

evidence to support the trial court's decision." *Burrell v. Kassicieh* (1998), 128 Ohio App.3d 226, 714 N.E.2d 442. Thus, we must presume regularity in the trial court's proceedings and find that the trial court fully advised Lababidi of the potential for deportation during his plea hearing.

{¶ 14} There is secondary evidence in the record that the court did fully advise Lababidi pursuant to R.C. 2943.031(A). First, in the trial court's opinion regarding the denial of Lababidi's motion, the trial judge states that "[d]uring the plea colloquy, the court advised defendant of the deportation consequences verbatim from R.C. 2943.031 and defendant acknowledged he understood these consequences on the record." Second, a photocopy of the pertinent sections of the transcript from the plea hearing is included in the State's brief in opposition to Lababidi's motion to withdraw, demonstrating the court's compliance with R.C. 2943.031(A).[1]

{¶ 15} Regardless, we presume regularity and find that the trial court's advisement of potential deportation cured the alleged incorrect advice Lababidi received from counsel. Lababidi was not prejudiced, and therefore, he is not entitled to relief.

---

[1] Contained in the photocopy of the transcript is the following:

"THE COURT: Do you understand, sir, that you are advised that a conviction of the offense to which you are pleading guilty to may have the consequences of deportation, exclusion from admission to the United States or denial of naturalization pursuant to the laws of the United States. Do you understand that?

"THE DEFENDANT: Yes."

**{¶ 16}** Finally, Lababidi asserts that he is innocent and that his innocence is supported by his son's testimony during the hearing. Lababidi's son, who has been convicted on numerous drug charges, testified that he was the one who contacted the confidential informant and sent him to his home on the evening in question. It was while the informant was at the home that Lababidi attempted to sell the informant drugs. Lababidi's son could not speak to whether his father did in fact attempt to sell drugs to the informant because the son was incarcerated at that time.

**{¶ 17}** Moreover, Lababidi cannot now claim his innocence, because "[a] plea of guilty is a complete admission of guilt." *State v. Stumph* (1987), 32 Ohio St.3d 95, 104, 512 N.E.2d 598; Crim.R. 11(B)(1). See, also, *State v. Woodley*, Cuyahoga App. No. 83104, 2005-Ohio-4810, ¶13. "By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." *State v. Gaston*, Cuyahoga App. No. 92242, 2009-Ohio-3080, quoting *State v. Kitzler*, Wyandot App. No. 16-02-06, 2002-Ohio-5253, ¶12. Therefore, "'[a] criminal defendant who pleads guilty is limited on appeal; he may only attack the voluntary, knowing, and intelligent nature of the plea * * *.'" *Gaston*, quoting *State v. Spates*, 64 Ohio St.3d 269, 272, 1992-Ohio-130, 595 N.E.2d 351.

**{¶ 18}** The trial court properly found no prejudice to Lababidi. Thus, the trial court did not abuse its discretion in denying Lababidi's motion to withdraw his plea.

**{¶ 19}** Accordingly, the sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, A.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION ATTACHED).

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

**{¶ 20}** I reluctantly concur in judgment only with the majority. I recognize a line of cases exists in this district, as outlined in the majority opinion, that makes R.C. 2943.031(A) a "cleansing" advisement, curing all incomplete or misinformation regarding deportation. While I acknowledge the holding in *Bains* as cited by the majority was correct, the facts here are distinguishable. In *Bains,* the trial court gave a clear advisement that went beyond the mandate of R.C. 2943.031(A). *Bains*, 8th Dist. No. 94330, 2010-Ohio-5143, 2010 WL 4286167. Here, the trial court stayed with the parameters of the statute and only gave the advisement that Lababidi "may" be deported.

**{¶ 21}** I write separately to address concerns with the majority's treatment of R.C. 2943.031(A) as read in conjunction with the United States Supreme Court holding in *Padilla v. Kentucky*, 559 U.S. ___, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). It is important to note that in this case, as in *Padilla,* the assigned error is a claim of ineffective assistance of counsel and not failure to give a statutory advisement. The court's giving of the mandatory advisement is merely a factor to consider under the second prong of the *Strickland* test; i.e., the result of the legal proceeding would have been different with proper representation. *Strickland*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. There is a compelling argument that a court's statutory warning that a person "may" be deported does not necessarily cure the prejudice created by an attorney's

advisement that a defendant "may" be deported when the defendant is, in effect, presumptively deportable.

{¶ 22} Because this court has historically followed the reasoning of the majority, I concur in judgment only.   Harmonizing R.C. 2943.031(A) and *Padilla* may require a review by the Supreme Court of Ohio.