[Cite as *State v. McCubbin*, 2014-Ohio-4216.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA
JOURNAL ENTRY AND OPINION
No. 100944

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KEMAR MCCUBBIN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-565913-A

**BEFORE:** Blackmon, J., Celebrezze, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 25, 2014

**ATTORNEY FOR APPELLANT**

Weronika K. Costas
200 Auburn Drive, Suite 200
The Costas Network Law Center
Cleveland, Ohio 44122


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: T. Allan Regas
Brett Hammond
Charles E. Hannan
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶1} In this accelerated appeal, appellant Kemar McCubbin ("McCubbin") appeals the trial court's denial of his postsentence motion to withdraw his guilty plea and assigns the following two errors for our review:

I.  The trial court erred in denying the appellant's motion to withdraw his guilty plea and vacate his conviction pursuant to Ohio Criminal Rule 32.1 as the appellant established that he was deprived of his right to effective assistance of counsel, and the court's advisement under O.R.C. 2943.031 does not cure counsel's ineffective assistance.

II.  The court erred in dismissing the appellant's motion for postconviction relief without first holding an evidentiary hearing as the appellant provided sufficient evidence that he was denied the effective assistance of counsel.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} McCubbin entered the United States from Jamaica in 2005, and is a permanent resident. On August 22, 2012, the Cuyahoga County Grand Jury indicted McCubbin in criminal case CR-12-565913-A for one count of drug trafficking, drug possession, and possession of criminal tools. While the matter was pending, McCubbin was indicted in a separate case, CR-12-568200, for one count of forgery and identity fraud.

{¶4} A joint plea agreement was reached in both cases. The state agreed to nolle the charges for drug possession, possession of criminal tools, and forgery in exchange for McCubbin's guilty pleas to identity fraud and drug trafficking. Prior to accepting McCubbin's pleas, the trial court inquired whether McCubbin was a citizen of

the United States.   McCubbin informed the court that he was a permanent resident.   The court later advised McCubbin as follows:

> Court:      You are not a citizen of the United States, and therefore, you are hereby advised that the conviction of the offenses to which you are pleading guilty may have the consequence of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States.   Do you understand that?
>
> McCubbin:   Yes, ma'am.

Tr. 8.

**{¶5}** Following the plea colloquy, the trial court reiterated its prior advisement by telling McCubbin that pleading guilty carries "the possible consequences that  I read to you about deportation and denial of naturalization."

**{¶6}** McCubbin then entered his plea of guilty.   The trial court sentenced McCubbin to nine months in prison for the drug trafficking charge, which was to run concurrent to the nine month sentence for the identity theft charge.

**{¶7}** McCubbin did not file a direct appeal.   On June 12,  2013, approximately six months after being sentenced, McCubbin filed a motion to withdraw his guilty plea arguing that the plea was not knowingly, intelligently, and voluntarily entered because he did not understand the ramifications the plea would have on his immigration status.   The motion was supported by McCubbin's affidavit in which he averred that when he was released to a half-way house, he was detained by federal immigration authorities.   He also averred that when he entered the pleas he did not understand that he would be deported.   The trial court denied the motion without a hearing, stating "Defendant was

clearly advised of deportation consequences with counsel present." Judgment Entry, June 19, 2013. McCubbin did not file a direct appeal from this denial.

{¶8} On October 1, 2013, McCubbin filed a second motion to withdraw his guilty plea claiming ineffective assistance of counsel at the time of the plea. McCubbin alleged that his trial counsel affirmatively misrepresented the immigration consequences of pleading guilty. He attached an affidavit in which he stated that he questioned his trial attorney about the ramifications, but was advised he was not at risk because he did not have a criminal record and not to "worry about it." The trial court denied the second motion to withdraw.[1]

### Deportation Advisement

{¶9} We will address McCubbin's two assigned errors together because they are interrelated. McCubbin argues that the trial court erred by denying his motion to vacate his plea because he had established counsel was ineffective in failing to advise him that his plea would result in him being deported. He also argues the trial court's advisement pursuant to R.C. 2943.031(A) did not cure the ineffectiveness of counsel.

{¶10} Crim.R. 32.1 authorizes the postconviction withdrawal of a plea only to correct a manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). The defendant bears the burden of proving manifest injustice. *Id*. The determination of whether the defendant has sustained that burden is committed to the

---

[1]McCubbin's attorney advised this court at oral argument that McCubbin has since been deported to Jamaica.

sound discretion of the trial court and will not be disturbed on appeal, absent an abuse of discretion. *State v. Caver*, 8th Dist. Cuyahoga Nos. 90945 and 90946, 2008-Ohio-6155, citing *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977).

{¶11} A defendant who seeks to withdraw his plea on the grounds that the plea was unintelligent and not voluntary due to his counsel's ineffectiveness must demonstrate that counsel's representation was constitutionally deficient. *Strickland v. Washington*, 466 U.S. 25, 31, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and that "there is a reasonable probability that, but for [that deficiency, the defendant] would not have pleaded guilty and would not have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

{¶12} We conclude the trial court did not abuse its discretion by denying McCubbin's motion to withdraw because res judicata barred the motion.[2] McCubbin's appeal concerns his second motion to withdraw his plea. In his first motion, he contended he did not understand that his plea would result in his deportation. McCubbin could have included in the first motion the fact that his counsel failed to properly advise him that his plea would result in his deportation. "Res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been litigated." *State v. Sneed*, 8th Dist. Cuyahoga No. 84964, 2005-Ohio-1865, ¶ 16, citing *State v.*

---

[2]It is important to note that McCubbin is not contending the trial court failed to advise him pursuant to R.C. 2943.031(A), but is arguing his *counsel* failed to properly advise him. The failure of the court to give a R.C. 2943.031(A) advisement is not barred by res judicata. *State v. Muhumed*, 10th Dist. Franklin No. 11AP-1001, 2012-Ohio-6155.

*Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421. "'The doctrine of res judicata is applicable to successive motions to withdraw a guilty plea under Crim.R. 32.1.'" *State v. Steinke*, 8th Dist. Cuyahoga No. 100345, 2014-Ohio-2059.

{¶13} We recognize that res judicata is a rule of fundamental and substantial justice, that is to be applied in particular situations as fairness and justice require, and that is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 25. We find no injustice in applying the doctrine of res judicata on these facts.

{¶14} McCubbin cites to the United States Supreme Court decision in *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), as authority for the proposition that an attorney renders ineffective assistance of counsel by misadvising a defendant regarding the consequences of a plea on the defendant's immigration status. *Padilla* involved a defendant who was a permanent resident, like McCubbin. Upon entering a plea to a drug distribution charge, Padilla was told by his attorney that he did not have to worry about his immigration status when, in fact, the conviction would result in his removal from the United States. The Supreme Court concluded that Padilla had satisfied the deficient performance portion of the test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but remanded the matter for a determination whether Padilla could satisfy the prejudice portion of the *Strickland* test.

**{¶15}** Based on *Padilla*, if counsel had misadvised McCubbin as to the effect the plea would have on his immigration status, then McCubbin would satisfy the first prong. However, *Padilla*, is not analogous to this case because unlike Ohio, the Kentucky court was not required to give a deportation advisement. Thus, whether prejudice would be found by the *Padilla* court under the facts of the instant case is uncertain.

**{¶16}** This court has repeatedly held that the trial court's R.C. 2943.031(A) advisement that the defendant may be deported as a result of his plea, is sufficient to overcome any prejudice caused by counsel's failure to properly advise the defendant. *State v. Lababidi*, 8th Dist. Cuyahoga No. 96755, 2012-Ohio-267; *State v. Velazquez*, 8th Dist. Cuyahoga No. 95978, 2011-Ohio-4818; *State v. Bains*, 8th Dist. Cuyahoga No. 94330, 2010-Ohio-5143. *See also State v. Ikharo*, 10th Dist. Franklin No. 10AP-967, 2011-Ohio-2746; *State v. Yazici*, 5th Dist. Stark No. 2010CA00138, 2011-Ohio-583; *State v. Andreias*, 6th Dist. Erie No. E-10-070, 2011-Ohio-5030. Here, there is no dispute that the trial court gave the statutory advisement.

**{¶17}** McCubbin argues that the totality of circumstances must be considered in determining if the advisement cured the prejudice and refers to this court's decision in *State v. Creary,* 8th Dist. Cuyahoga No. 82767, 2004-Ohio-858. In *State v. Creary*, we remanded the matter to determine if the defendant was prejudiced, in spite of the trial court's advisement, but it was because Creary had pled to an unamended indictment. We stated as follows:

> [T]he facts of this case, and Creary's allegations do not suggest an imminent flood of unsubstantiated postconviction petitions that will require

hearings to resolve. Creary pleaded guilty to an unamended indictment, and claims he did so because his lawyer effectively told him the plea would reduce his chances of deportation. Where a defendant can *credibly* allege that his lawyer actively misadvised him concerning the law and that he would not have pleaded guilty absent the misinformation, a hearing is required. We are not convinced, however, that innumerable defendants will automatically be entitled to hearings upon similar allegations.

(Emphasis added.) *Id.* at ¶ 11; *But see Bains* where we held surrounding circumstances did not support remand.

{¶18} Here, in exchange for McCubbins' plea, the state agreed to dismiss the counts for possession of criminal tools, drug possession, and forgery. Therefore, this was not a case where the defendant was not receiving a benefit in exchange for his plea, like in *Creary*.

{¶19} Moreover, like the defendants in *Bains*, *Lababidi,* and *Velazquez*, nothing in the record showed the attorney made the statements alleged by McCubbin besides McCubbin's self-serving affidavit. "'When a petitioner submits a claim that his guilty plea was involuntary, a record reflecting compliance with Crim.R. 11 has greater probative value than a petitioner's self-serving affidavit.'" *State v. Knowles*, 8th Dist. Cuyahoga No. 95239, 2011-Ohio-1685, quoting *State v. Yearby*, 8th Dist. Cuyahoga No. 79000, 2002 Ohio App. LEXIS 199 (Jan. 24, 2002).

{¶20} Thus, the trial court could have determined that McCubbin's self-serving affidavit, in which he claimed he was misadvised by his counsel, was not credible in light of the court's advisement and the benefit McCubbin received from the plea bargain. This was not a case where McCubbin had nothing to lose by proceeding to trial. The

trial court did not abuse its discretion by denying McCubbin's motion to withdraw his guilty plea based on ineffective assistance of counsel. Accordingly, McCubbin's first and second assigned errors are overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR