[Cite as *State v. Bozhukov*, 2015-Ohio-418.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 101250

---

### STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

### DANIIL M. BOZHUKOV

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578081-A

**BEFORE:** Kilbane, J., E.A. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** February 5, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
Amy Venesile
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

Jonathan A. Bartell
820 West Superior Avenue
Suite 800
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, the state of Ohio ("state"), appeals from the order of the trial court that permitted defendant-appellee, Daniil Bozhukov ("Bozhukov"), to vacate his participation in intervention in lieu of conviction ("ILC"), which began with a guilty plea to drug trafficking, drug possession, and possession of criminal tools. For the reasons set forth below, we find no abuse of discretion so we affirm the decision of the trial court.

{¶2} On September 13, 2013, Bozhukov was indicted pursuant to a five-count indictment that charged him with trafficking in less than 200 grams of marijuana. In Counts 1 and 2, he was charged with two counts of trafficking in marijuana, in violation of R.C. 2925.03(A)(1), a fifth-degree felony. In Count 3, he was charged with trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a fifth-degree felony. In Count 4, he was charged with misdemeanor drug possession, in violation of R.C. 2925.11(A). In Count 5, he was charged with possession of criminal tools, in violation of R.C. 2923.24(A). Counts 3, 4, and 5 also set forth four forfeiture specifications for various drug paraphernalia.

{¶3} On November 14, 2013, Bozhukov filed a motion for intervention in lieu of conviction, pursuant to R.C. 2951.041. The trial court held a hearing on this motion on December 16, 2013. Although this court has not been provided with a transcript of this hearing, the parties agree that the trial court noted on the record that Bozhukov met the requirements for intervention in lieu of conviction, and it advised Bozhukov, who immigrated to the United States from Russia, of his constitutional rights and also advised him of the consequences of his plea pursuant to R.C. 2943.031, including potential deportation. Bozhukov then entered guilty pleas to all charges, and the trial court ordered as follows:

The court accepts defendant's guilty plea but makes no findings of guilt at this time, all court proceedings stayed. Defendant filed motion for intervention in lieu of conviction, pursuant to R.C. 2951.041. Motion for intervention in lieu of conviction is granted. It is therefore ordered that defendant is to be placed under the supervision of the probation department's intervention in lieu of conviction program for a period of one (1) year.

**{¶4}** Several weeks after these proceedings, Bozhukov was detained by agents of the Immigration Customs Enforcement ("ICE") pending deportation. Bozhukov obtained new counsel and on February 20, 2014, he filed a motion to reopen and vacate his plea pursuant to Crim.R. 32.1 and *Padilla v. Kentucky*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010). Bozhukov asserted that his original counsel failed to advise him that even though the order for ILC did not set forth a formal finding of guilt, Bozhukov would nonetheless be subject to deportation under INA 237(a)(2)(B) since the offense involved a drug offense, other than the possession of less than 30 grams of marijuana. In an affidavit in support of the motion,[1] Bozhukov averred that his original counsel advised him that intervention in lieu of conviction involved no formal finding of guilt, or a conviction of any kind, and would have no negative impact upon his immigration status, and had he known of the true implications of the proceedings, he would not have pled guilty to the offenses.

**{¶5}** The trial court held a hearing on the motion on March 13, 2014. Bozhukov did not attend the hearing because he was being detained by ICE. The court granted the motion the following day and issued a six-page opinion setting forth its rationale. In relevant part, the trial court wrote:

INA Sec. 237(a)(2)(B)(i) provides:

Any alien who at time after admission has been convicted of a violation of * * * any law * * * relating to a controlled substance * * * other than a single offense

---

[1]This affidavit has not been provided in the record but is quoted by the trial court.

involving possession for one's own use of thirty grams or less of marijuana is deportable.

INA Sec. 212(a)(2)(A)(i)(II) further states:

Any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a violation of * * * any law * * * relating to a controlled substance* * * is inadmissible.

The above-referenced federal statutes pertain to deportation and admission with regard to controlled substances and trafficking offenses. The meaning of each is clear from a plain reading, but the Court is taken aback by the use of the word "conviction" in the first-referenced statute.

"ILC" pleas do not constitute "convictions" for purposes of Ohio law, but apparently that word has a different meaning in the federal system.

The Court clearly explained the possibility of deportation to the Defendant and further clearly gave him the opportunity to contact Russian authorities to seek their advice on his legal situation. The Court's advisement, however, could very well have been perceived as perfunctory to the Defendant if he was given the impression that the pleas in the instant matter would not have exposed him to deportation proceedings. A plain reading of the word "conviction" without more in-depth research could have also played into the legal advice given to the Defendant in this matter. This is laid out in the affidavit submitted by the Defendant, in which he states that "he /his attorney/ informed me that since the court would not be making a finding of guilt, that going forward with a change of plea would not have a negative impact on my immigration status." Affidavit of Danill Bozhukov, Par. 3.

{¶6}     The state now appeals, assigning the following error for our review:

The trial court erred and abused its discretion when it granted appellee's Motion to re-open and vacate where the appellee did not establish that he suffered manifest injustice pursuant to Criminal Rule 32.1 or *Padilla*.

{¶7}     In support of the assignment of error, the state argues that there was no manifest injustice as required pursuant to Crim.R. 32.1 because defense counsel provided proper representation. The state also maintains that *Padilla* is inapplicable herein since the trial court provided a deportation advisement pursuant to R.C. 2943.031.

## ILC, R.C. 2951.041

{¶8} Pursuant to R.C. 2951.041, a court may accept, prior to the entry of a guilty plea, the offender's request for ILC. If the court finds that the offender is eligible for ILC and grants the offender's request, the court shall accept the offender's plea of guilty. The court then may stay all criminal proceedings and order the offender to comply with all terms and conditions imposed by the court. If the court finds that the offender has successfully completed the intervention plan, the court shall dismiss the proceedings against the offender, and pursuant to R.C. 2951.041(E), completion of the intervention plan "shall be without adjudication of guilt and is not a criminal conviction for purposes of any disqualification or disability imposed by law[.]"

<u>Crim.R. 32.1</u>

{¶9} Where a defendant has been granted intervention conditions in lieu of a conviction, and then subsequently files a motion for withdrawal of his guilty plea, the motion is treated as a postsentence motion to vacate pursuant to Crim.R. 32.1, and the defendant bears the burden of demonstrating that withdrawal of the plea is necessary to correct a manifest injustice. *State v. O'Connell*, 11th Dist. Lake 2010-L-030, 011-Ohio-652, ¶ 31; *State v. Wilson*, 5th Dist. Delaware No. 03CAA02013, 2003-Ohio-2570, ¶ 20.

{¶10} The motion is addressed to the sound discretion of the trial court. *O'Connell*; *State v. Peterseim*, 68 Ohio App.2d 211, 213, 428 N.E.2d 863 (8th Dist.1980). An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude on the part of the trial court. *State v. Longo*, 4 Ohio App.3d 136, 140, 446 N.E.2d 1145 (8th Dist.1982).

<u>Deportation Advisement Pursuant to R.C. 2943.031</u>

{¶11} In accordance with R.C. 2943.031, prior to accepting a guilty plea, a trial court must advise a defendant that he or she may be deported as a result of his plea. Pursuant to R.C. 2943.031(F),

(F) Nothing in this section shall be construed as preventing a court, in the sound exercise of its discretion pursuant to Crim.R 32.1, from setting aside the judgment of conviction and permitting a defendant to withdraw his plea.

{¶12} In this matter, we find no abuse of discretion. Although the trial court complied with its duty to advise the defendant pursuant to R.C. 2943.031 that his plea might result in deportation, the record supports the trial court's conclusion that, based upon the totality of the information provided to defendant, he did not appreciate his actual risk of deportation. Beginning with its name "Intervention in Lieu of Conviction," the provisions of this program clearly identifies participation in the program as being "in lieu of conviction," meaning instead of, or apart from, conviction. The trial court explained that at the time of the ILC plea, it was unaware that defendant's participation in the ILC program would trigger deportation, and that defendant's very experienced trial counsel likewise did not contemplate that the ILC proceedings would mandate immigration consequences. Further, it is not reasonable to expect a noncitizen to expect or understand that participation in the special program would lead to deportation proceedings, where his very experienced trial counsel and the trial court itself did not grasp the federal distinction in identifying a "conviction" for immigration purposes. Therefore, upon review of the record, and in light of the court's detailed findings, the trial court did not abuse its discretion in concluding that the parties did not contemplate the operation of INA 237(a)(2)(B) and INA 212(a)(2)(A)(i)(II), and that defendant, therefore, did not know or understand that he faced an actual risk of deportation in this matter.

{¶13} Accordingly, we conclude that the trial court did not abuse its discretion in permitting defendant to withdraw his guilty plea pursuant to Crim.R. 32.1.

**{¶14}** We recognize that this court has previously held that a trial court's R.C. 2943.031(A) advisement that the defendant may be deported as a result of his plea is sufficient to overcome any prejudice caused by counsel's failure to properly advise the defendant. *State v. McCubbin*, 8th Dist. Cuyahoga No. 100944, 2014-Ohio-4216; *State v. Lababidi*, 2012-Ohio-267, 969 N.E.2d 335 (8th Dist.); *State v. Velazquez*, 8th Dist. Cuyahoga No. 95978, 2011-Ohio-4818; *State v. Bains*, 8th Dist. Cuyahoga No. 94330, 2010-Ohio-5143. In those cases, this court affirmed the trial court's ruling on the motion under the abuse of discretion standard. In this matter, we likewise affirm under the abuse of discretion standard and defer to the trial court's decision concluding that the plea had to be vacated in order to prevent a manifest injustice.

### *Padilla*

**{¶15}** In *Padilla*, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284, the United States Supreme Court held that the two-part ineffective assistance of counsel analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies in analyzing whether counsel was effective in notifying a criminal defendant of the deportation consequences of his plea. Under the first part of *Strickland*, the *Padilla* court held that when the deportation consequences of pending criminal charges are "truly clear," a criminal defense attorney has an equally clear duty to give correct advice regarding those charges. *Padilla* at 357. However, in "situations in which the deportation consequences of a particular plea are unclear or uncertain," a criminal defense attorney need only "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* Turning to the issue of prejudice, as required under the second part of the *Strickland* analysis, the court held that a defendant "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Id*. at 372.

{¶16} In this case, the trial court held a hearing, reviewed the issue, and analyzed the issue in a five page, well-reasoned opinion in which it found that Bozhukov had received deficient advice, and that fundamental fairness required it to vacate the plea. The trial court concluded as follows:

> Defendant's trial counsel is a well-respected member of the defense bar and has been practicing for a number of years in this and other courts. Even the best of attorneys, however, can have issues in certain cases. The complexities of the immigration statutes, and the vague verbage used at times * * * can cause confusion to attorneys who do not regularly reference federal immigration law.
>
> In looking to the totality of the circumstances and focusing on "fundamental fairness" as required, this Court does find that counsel was deficient in not properly advising his client of the proper outcomes of his plea. The Court does not hold, nor does it believe, that this was done intentionally or through gross negligence.

{¶17} From the foregoing, and in light of the hearing and the thoughtful deliberation of the trial court, we conclude that the trial court did not act arbitrarily or unreasonably in vacating the plea. We find no abuse of discretion. The state's assignment of error is therefore without merit.

{¶18} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
PATRICIA A. BLACKMON, J., CONCUR