[Cite as *State v. Gedeon*, 2019-Ohio-3973.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

STATE OF OHIO

    Appellee

    v.

NICHOLAS M. GEDEON

    Appellant

C.A. No.    29235

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR-2016-05-1478

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

SCHAFER, Judge.

**{¶1}** Mr. Gedeon appeals his conviction in the Summit County Court of Common Pleas. For the reasons that follow, we reverse and remand.

I.

**{¶2}** In June 2016, the Summit County Grand Jury indicted Mr. Gedeon for trafficking in marijuana with a forfeiture specification, operating a vehicle under the influence of alcohol or drugs, possession of marijuana, and illegal use of drug paraphernalia. After entering an initial plea of not guilty, Mr. Gedeon filed a motion for intervention in lieu of conviction ("IILC"), which the trial court ultimately granted. Mr. Gedeon thereafter entered a plea of guilty to the charges for trafficking, possession, and the illegal use of drug paraphernalia in order to enter the IILC program. The trial court accepted Mr. Gedeon's guilty plea and dismissed the charge for operating a vehicle under the influence and the forfeiture specification. The trial court then stayed the criminal proceedings and ordered Mr. Gedeon "to a period of rehabilitation under the

control and supervision of the Summit County Adult Probation Department, to be reviewed after one (1) year, conditioned upon [Mr. Gedeon's] voluntary entrance into an appropriate chemical abuse facility, and upon [several] terms and conditions * * * ."

{¶3} The trial court set a status call for December 1, 2016. Mr. Gedeon failed to appear and the trial court issued a capias. At some point prior to the status call, Mr. Gedeon had tested positive for marijuana. On December 15, 2016, the trial court withdrew the capias and held a hearing on Mr. Gedeon's continuance in the IILC program. During the hearing, the trial court reminded Mr. Gedeon that he needed to have twelve months of clean drug screens in a row in order to successfully complete IILC and advised him that due to the positive drug screen, he would need to be extended in the program until the end of 2017. The trial court then set a status hearing for April 6, 2017.

{¶4} In February 2017, Mr. Gedeon was arrested by the Macedonia police and charged with trafficking for an incident unrelated to the charges in this case. The Summit County Grand Jury subsequently indicted Mr. Gedeon in March 2017 on two counts of aggravated trafficking in drugs with a forfeiture specification, aggravated possession of drugs, possession of marijuana, and the illegal use of possession of drug paraphernalia.

{¶5} On November 3, 2017, Mr. Gedeon filed a motion to withdraw his plea "as not knowingly made due to ineffective assistance of counsel." Mr. Gedeon further argued that the trial court should consider his motion as a presentence motion to withdraw under Crim.R. 32.1. In a journal entry filed December 4, 2017, the trial court determined that Mr. Gedeon's motion would be considered as a postsentence motion to withdraw under Crim.R. 32.1. Following a motion hearing, the trial court denied Mr. Gedeon's motion on May 11, 2018, determining that Mr. Gedeon had not shown that a manifest injustice had occurred.

**{¶6}** In the meantime, Mr. Gedeon filed a motion to terminate the IILC in this case as completed and to dismiss the matter on December 3, 2017. In its December 4, 2017 journal entry, the trial court determined that Mr. Gedeon had not completed the basic requirements of IILC and denied the motion.

**{¶7}** On June 8, 2018, Mr. Gedeon filed a notice of appeal of the December 4, 2017 order determining the standard it would apply to Mr. Gedeon's motion to withdraw his plea and to the May 11, 2018 order denying his motion to withdraw. This Court concluded that the orders appealed were not final appealable orders and that it was without jurisdiction to consider Mr. Gedeon's attempted appeal.

**{¶8}** In the meantime, Mr. Gedeon's 2017 case went to trial and he was found guilty. On July 26, 2018, the trial court sentenced Mr. Gedeon in both this case and the 2017 case. The trial court issued a journal entry in the present matter on August 2, 2018, stating that Mr. Gedeon appeared on July 26, 2018, on a charge of violating the terms and conditions of IILC, that Mr. Gedeon had previously entered a guilty plea to the charges, and that Mr. Gedeon was sentenced to a term of two years of community control.

**{¶9}** Mr. Gedeon then filed this appeal, raising two assignments of error for our review.

II.

**Assignment of Error I**

**The conviction and sentence is contrary to law, in violation of the Ohio Constitution, and denies due process of the United States Constitution because the trial court prejudicially erred by:**

**denying a pre-sentence motion to withdraw a guilty plea made to enter an intervention in lieu of conviction program by using the post-sentence manifest injustice standard.**

{¶10} In his first assignment of error, Mr. Gedeon contends that the trial court erred because it applied the post-judgment standard when it considered his motion to withdraw a guilty plea despite the fact that Mr. Gedeon had never been sentenced. We agree.

{¶11} Pursuant to Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "Thus, the rule gives a standard by which postsentence withdrawals of guilty pleas may be evaluated—the 'manifest injustice' standard." *State v. Xie*, 62 Ohio St.3d 521, 526 (1992). "Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases." *State v. Ross*, 9th Dist. Wayne No. 13CA0015, 2014-Ohio-1675, ¶ 14, quoting *State v. Brown*, 9th Dist. Summit No. 24831, 2010-Ohio-2328, ¶ 9. "[I]t is designed 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Fisher*, 12th Dist. Clermont No. CA2015-03-029, 2015-Ohio-4922, ¶ 8, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985). Regarding the standard under which presentence motions may be evaluated, however, the Supreme Court of Ohio has stated that although they "should be freely and liberally granted[,] * * * it must be recognized that a defendant does not have an absolute right to withdraw a plea prior to sentencing." *Xie* at 527. Rather, a "trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.*

{¶12} In this case, the trial court determined prior to the hearing on Mr. Gedeon's motion, that it would evaluate the motion under the postsentence manifest injustice standard because Mr. Gedeon entered a guilty plea in order to enter an IILC program and had been given a "sentence" as the term is used in Crim.R. 32.1. On appeal, Mr. Gedeon contends that IILC is

not a penalty imposed for punishment and, therefore, should not be considered a "sentence" for Crim.R. 32.1 purposes.

{¶13} "As a general matter, the decision to grant or deny a motion to withdraw a guilty plea lies within the sound discretion of the trial court." *Ross* at ¶ 13, citing *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). An abuse of discretion is more than an error in judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, the question of whether IILC is a "sentence" as that term is used in Crim.R. 32.1 is a question of law which we review de novo.

{¶14} The term "sentence" is defined as "the sanction or combination of sanctions imposed by the sentencing court on an offender who is convicted of or pleads guilty to an offense." R.C. 2929.01(EE). A "sanction" is "any penalty imposed upon an offender who is convicted of or pleads guilty to an offense, as punishment for the offense." R.C. 2929.01(DD). An IILC program, however, is not considered by the legislature to be a punishment for a criminal offense. The Supreme Court of Ohio has expressly recognized: "'In enacting R.C. 2951.041, the legislature made a determination that when chemical abuse is the cause or at least a precipitating factor in the commission of a crime, it may be more beneficial to the individual and the community as a whole to treat the cause rather than punish the crime.'" *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 10, quoting *State v. Shoaf*, 140 Ohio App.3d 75, 77 (10th Dist.2000). "[IILC] is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction." *Id.*, citing *State v. Ingram*, 8th Dist. Cuyahoga No. 84925, 2005-Ohio-1967, ¶ 13.

{¶15} Additionally, we note that Crim.R. 32.1 states that upon a finding of manifest injustice, a trial court "may set aside the judgment of conviction and permit the defendant to

withdraw his or her plea." Crim.R. 32.1. Thus, the rule assumes that in order to grant a postsentence motion to withdraw a plea, the trial court will necessarily be required to first set aside the judgment of conviction. However, the successful completion of an IILC program is concluded "without adjudication of guilt and is not a criminal conviction for purposes of any disqualification or disability imposed by law and upon conviction of a crime, and the court may order the sealing of the records related to the offense in question * * * ." R.C. 2951.041(E). Further, it is not until after a trial court determines that an offender has failed to comply with the IILC program that the court may enter a finding of guilt and impose an appropriate sanction. R.C. 2929.01(F). That statute states:

> If the court grants an offender's request for intervention in lieu of conviction and the offender fails to comply with any term or condition imposed as part of the intervention plan for the offender, * * * the court shall hold a hearing to determine whether the offender failed to comply with any term or condition imposed as part of the plan. If the court determines that the offender has failed to comply with any of those terms and conditions, it may * * * enter a finding of guilty and impose an appropriate sanction under [R.C. 2929]. If the court sentences the offender to a prison term, the court, after consulting with the department of rehabilitation and correction regarding the availability of services, may order continued court-supervised activity and treatment of the offender during the prison term and, upon consideration of reports received from the department concerning the offender's progress in the program of activity and treatment, may consider judicial release under section 2929.20 of the Revised Code.

{¶16} Based on the foregoing, we conclude that IILC is not a "sentence" as that term is used in Crim.R. 32.1 and, therefore, the proper standard to apply to a motion to withdraw a guilty plea after IILC is granted is the presentence standard. *Contra State v. Buzhukov*, 8th Dist. Cuyahoga No. 101250, 2015-Ohio-418, ¶ 9 (stating that a motion to withdraw a plea after being granted intervention in lieu of a conviction is treated as a postsentence motion to vacate pursuant to Crim.R. 32.1). Consequently, the trial court erred when it applied the postsentence manifest injustice standard to Mr. Gedeon's motion to withdraw his guilty plea.

**{¶17}** Mr. Gedeon's first assignment of error is sustained. We vacate the trial court's judgment, and remand the case to the trial court to determine if "there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie*, 62 Ohio St.3d at 521, paragraph one of the syllabus.

### Assignment of Error II

**The conviction and sentence is contrary to law, in violation of the Ohio Constitution, and denies due process of the United States Constitution because the trial court prejudicially erred by:**

**extending time in an intervention in lieu of conviction program absent jurisdiction to do so and then terminating time in that program without notice and opportunity to be heard.**

**{¶18}** In his second assignment of error, Mr. Gedeon seems to argue that the trial court erred when it first denied his motion to terminate his IILC as completed and to dismiss the case and then determined he had violated the terms of the IILC program without first holding a hearing to determine if Mr. Gedeon failed to comply with the IILC program.

**{¶19}** Nonetheless, in light of our resolution of Mr. Gedeon's first assignment of error, we decline to address the arguments in his second assignment of error at this time because these issues may be rendered moot by the trial court's ruling on Mr. Gedeon's motion to withdraw his plea. *See* App.R. 12(A)(1)(c).

### III.

**{¶20}** Mr. Gedeon's first assignment of error is sustained and his second assignment of error is not yet ripe for review. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, P. J.
CONCURS.

HENSAL, J.
DISSENTING.

{¶21} I respectfully dissent because I disagree with the majority's conclusion that the trial court erred by applying the manifest-injustice standard to Mr. Gedeon's motion to withdraw his guilty plea. Instead, I agree with this Court's sister districts that have acknowledged that, "[w]here a defendant has been granted intervention conditions in lieu of a conviction, and then

subsequently files a motion for withdrawal of his guilty plea, the motion is treated as a postsentence motion to vacate pursuant to Crim.R. 32.1, and the defendant bears the burden of demonstrating that withdrawal of the plea is necessary to correct a manifest injustice." *State v. Bozhukov*, 8th Dist. Cuyahoga No. 101250, 2015-Ohio-418, ¶ 9, citing *State v. O'Connell,* 11th Dist. Lake 2010-L-030, 2011-Ohio-652, ¶ 31; *State v. Wilson,* 5th Dist. Delaware No. 03CAA02013, 2003-Ohio-2570, ¶ 20.

{¶22} The majority focuses on the statutory definitions of "[s]entence" and "[s]anction[,]" concluding that IILC does not squarely fit therein. *See* R.C. 2929.01(EE) and R.C. 2929.01(DD). While the law is clear that IILC was "not designed as punishment," I do not think its failure to fit within those statutory definitions means that a defendant who has been granted IILC can avail himself of the less stringent standard applied to a presentence motion to withdraw a guilty plea. *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, ¶ 10 (stating that IILC "is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction."). Rather, I would hold that IILC should be treated as a sanction for purposes of analyzing a motion to withdraw a guilty plea filed subsequent to a defendant being granted IILC. *See* R.C. 2951.041(D) (stating that a defendant who is granted IILC is to be supervised "as if the offender was subject to a community control sanction * * *."). I, therefore, respectfully dissent from the majority's conclusion on this issue, and would address the remaining arguments.

APPEARANCES:

MARK H. LUDWIG, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.